## Lorah to use of Evans, Appellant, *v.* Nissley.

156     329
24 SC  459
156     329
30 SC   533

*Seal—Adoption of scroll or mark—Intention.*

Any flourish or mark, however irregular or inconsiderable, is a good seal, provided the parties intend it to be a seal. The word " seal" or the letters " L. S." written in an instrument constitute a seal, if so intended.

*Ratification of printed word or mark.*

Where a person writes his name in a printed form of note, to the left of the printed word " seal," so as to bring the latter into the usual and proper place for a seal, he adopts the act of the printer in putting the word there for a seal.

Argued May 15, 1893. Appeal, No. 54, July T., 1892, by use plaintiff, Henry Evans, assignee of Jacob E. Lorah, from order of C. P. Lancaster Co., Aug. T., 1889, No. 386, making absolute rule to open judgment against defendant, Henry B. Nissley. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Rule to open judgment entered on note alleged to be under seal.

The note was in the following form :

" $200.00.          " MOUNT JOY, Pa., August the 22, 1881.

" Five months after date I promise to pay to Jacob E. Loraw or order, at the First National Bank of Mount Joy, Two Hundred Dollars and without defalcation or stay of execution, value received. And I do hereby confess judgment for the said sum, costs of suit and release of all errors, waiving inquisition and confess condemnation of real estate. And I do further waive all exemption laws, and agree that the same may be levied by attachment upon wages for labor or otherwise.

" Witness :                  HENRY B. NISSLEY,      SEAL.
" GEORGE SHIERS.                                    SEAL."

The word " seal " following the signature of the maker was printed. The court held that the note was not under seal, and made absolute the rule to open the judgment, so as to permit defendant to plead the statute of limitations, in an opinion by McMULLEN, J., 1 Dist. R. 410.

*Error assigned* was above order.

*A. S. Hershey* and *B. F. Davis*, for appellant.—It is not material what mark is used for a seal, just so the intention of the party executing the instrument is clearly understood : Hacker's Ap., 121 Pa. 192 ; Alexander v. Jameson, 5 Bin. 241 ; Taylor v. Glaser, 2 S. & R. 504 ; Long v. Ramsay, 1 S. & R. 72.

The signing of a deed is now the material part of the execution ; the seal here became a mere form, and a written or ink seal as it is called is good : M'Dill v. M'Dill, 1 Dal. 63.

The common pleas decision of Bennett v. Allen, 10 Pa. C. C. R. 259, does not meet the point the court raised. There the letters " L. S." followed the signature, meaning " place of the seal." But here the word " seal " was used, and when the signature was placed opposite to it what other inference can there be, than that the signer intended it for his seal ?

In some states, including Pennsylvania, a scroll is deemed a good seal : 5 A. & E. Enc. L. 442.

The same point raised in this case was decided in Lewis v. Overby, 28 Grat. (Va.) 627.

The fact that no mention was made of a seal in the body of the note can make no difference.


*J. Hay Brown*, *W. U. Hensel* with him, for appellee.—Bennett v. Allen, 10 Pa. C. C. R. 256, was almost identical with this case, and contains all the reasons why this judgment should be affirmed.

In pleading, it is not enough to set out the in testimonium clause. It must be alleged that defendant in fact sealed the instrument declared upon : Smith v. Emery, 12 N. J. L. 53.

The mere preparation of an instrument for sealing does not imply or dispense with the act of sealing : Duncan v. Duncan, 1 Watts, 322. It is a question of intention : Hacker's Ap., 121 Pa. 192. There is nothing here to indicate the intent to seal. It cannot therefore be held a specialty : Taylor v. Glaser, 2 S. & R. 502 ; Maule v. Weaver, 7 Pa. 329.


OPINION BY MR. JUSTICE MITCHELL, July 19, 1893 :

The days of actual sealing of legal documents, in its original sense of the impression of an individual mark or device upon wax or wafer, or even on the parchment or paper itself, have long gone by. It is immaterial what device the impression

bears, Alexander v. Jameson, 5 Bin. 238, and the same stamp
may serve for several parties in the same deed.   Not only so,
but the use of wax has almost entirely and even of wafers very
largely ceased.   In short sealing has become constructive rather
than actual, and is in a great degree a matter of intention.   It
was said more than a century ago in McDill's Lessee v. McDill,
1 Dal. 63, that " the signing of a deed is now the material part
of the execution; the seal has become a mere form, and a writ-
ten or ink seal, as it is called, is good; " and in Long v. Ramsay,
1 S. & R. 72, it was said by TILGHMAN, C. J., that a seal with
a flourish of the pen " is not now to be questioned."   Any kind
of flourish or mark will be sufficient if it be intended as a seal.
" The usual mode," said TILGHMAN, C. J., in Taylor v. Glaser,
2 S. & R. 502, " is to make a circular, oval, or square mark,
opposite to the name of the signer; but the shape is imma-
terial."   Accordingly it was held in Hacker's Appeal, 121 Pa.
192, that a single horizontal dash, less than an eighth of an inch
long, was a sufficient seal, the context and the circumstances
showing that it was so intended.   On the other hand in Taylor
v. Glaser, supra, a flourish was held not a seal, because it was
put under and apparently intended merely as a part of the sig-
nature.   So in Duncan v. Duncan, 1 Watts, 322, a ribbon in-
serted through slits in the parchment, and thus carefully prepared
for sealing, was held not a seal, because the circumstances in-
dicated the intent to use a well known mode of sealing, by at-
taching the ribbon to the parchment with wax or wafer, and
the intent had not been carried out.

These decisions establish beyond question that any flourish
or mark, however irregular or inconsiderable, will be a good
seal, if so intended, and a fortiori the same result must be pro-
duced by writing the word " seal," or the letters " L. S.," mean-
ing originally locus sigilli, but now having acquired the popular
force of an arbitrary sign for a seal, just as the sign " & " is held
and used to mean " and " by thousands who do not recognize it
as the Middle Ages manuscript contraction for the latin " et."

If therefore the word " seal " on the note in suit had been writ-
ten by Nissley after his name, there could have been no doubt
about its efficacy to make a sealed instrument.   Does it alter
the case any that it was not written by him, but printed before-
hand?   We cannot see any good reason why it should.   Rati-

fication is equivalent to antecedent authority, and the writing of his name to the left of the printed word, so as to bring the latter into the usual and proper place for a seal, is ample evidence that he adopted the act of the printer in putting it there for a seal.   The note itself was a printed form with blank spaces for the particulars to be filled in, and the use of it raises a conclusive presumption that all parts of it were adopted by the signer, except such as were clearly struck out or intended to be canceled before signing.   The pressure of business life and the subdivision of labor in our day, have brought into use many things ready-made by wholesale which our ancestors made singly for each occasion, and among others the conveniences of printed blanks for the common forms of written instruments. But even in the early days of the century, the act of sealing was commonly done by adoption and ratification rather than as a personal act, as we are told by a very learned and experienced, though eccentric predecessor, in language that is worth quoting for its quaintness : " Illi robur et aes triplex.   He was a bold fellow who first in these colonies, and particularly in Pennsylvania, in time whereof the memory of man runneth not to the contrary, substituted the appearance of a seal by the circumflex of a pen, which has been sanctioned by usage and the adjudication of the courts, as equipollent with a stamp containing some effigies or inscription on stone or metal. . . . How could a jury distinguish the hieroglyphic or circumflex of a pen by one man from another ?   In fact the circumflex *is usually made by the scrivener drawing the instrument*, and the word seal inscribed within it."   BRACKENRIDGE, J., in Alexander v. Jameson, 5 Bin. 238, 244.

We are of opinion that the note in suit was duly sealed.

We have not derived much light from the decisions in other states, but so far as we have found any analogous cases they are in harmony with the views herein expressed.   In Whitley v. Davis, 1 Swan (Tenn.) 333, the word " seal " without any scroll, was held to be a good seal even to a public deed by the clerk of a court, he stating in the certificate that no seal of office had been provided.   And in Lewis v. Overby, 28 Gratt. (Va.) 627, the word " seal " without any scroll was held a good seal within a statute enacting that " any writing to which the person making it shall affix a scroll by way' of seal, shall be of the same force as if it were actually sealed."

The learned court below, and the counsel for appellee placed much reliance on the decision in Bennett v. Allen, 10 Pa. C. C. R. 256.   In that case the signature was placed to the left but below the printed letters "L. S.," and it is said in the opinion that there was a space of half an inch between.   The decision might possibly be sustained on the ground that the position and distance showed that the signer did not intend to adopt the letters "L. S." as part of his act, but unless distinguished on that special ground the decision is contrary to the settled trend of our cases, and cannot be approved.

Order opening judgment is reversed and judgment reinstated.