## Hazleton National Bank *v.* Kintz, Appellant.

*Husband and wife—Married women—Principal and surety—Contract.*

A married woman has full power to bind herself in any manner except as a surety, by any species of obligation; and the established rules of law relating to contracts apply to those made by her; but she cannot in any form or through any device, become bound for the debt or default of another except by deed or mortgage.

*Judgment—Judgment note—Seal.*

The validity of a judgment note is not affected by the fact that the note is not given under seal.

*Seal—Scroll—Letters "L. S."—Judgment.*

The letters "L. S." enclosed in a scroll following the signature to a written instrument, are equivalent to a seal.

*Seal—Subject to judgment—Vendor and vendee.*

Where a deed is made subject to the payment of a judgment and the vendee, a married woman, gives a note to the owner of the judgment for its payment, the vendee is not a surety for the payment of the judgment, but is a principal primarily liable. The Act of June 12, 1878, P. L. 205, does not require the assumption of the debt to be contemporaneous with the conveyance.

Argued Jan. 12, 1904. Appeal, No. 53, Jan. T., 1904, by defendant, from order of C. P. Carbon Co., Jan. T., 1899, No. 179, discharging rule to open judgment on case of First National Bank of Hazleton v. Matilda Kintz. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to open judgment. HEYDT, P. J., found the facts to be as follows:

1. On October 28, 1893, John A. Kintz executed to the First National Bank of Hazleton a note for $500 payable one year after date, containing a confession of judgment. On this note judgment was entered November 11, 1893, to No. 61, October term, 1893, in the court of common pleas of Carbon county.

2. At the time of the entry of said judgment, No. 61, October term, 1893, the title to certain real estate (lots Nos. 11 and 12 on Croll's plot) in the borough of Weatherly was in the said John A. Kintz.

3. The said John A. Kintz, by deed dated September 3, 1894, and recorded September 4, 1894, at Mauch Chunk in the office for the recording of deeds in and for Carbon county, in deed book, vol. 41, page 7, etc., conveyed said two lots, Nos. 11 and 12 on Croll's plot, in the borough of Weatherly to Matilda Kintz, his mother.

4. The consideration contained in said deed is $100, and the habendum contained the following clause : "subject to the payment of a certain bond and mortgage for $1,400 to the Anthracite Building and Loan Association of Weatherly and also to the payment of a certain judgment of $500 to the First National Bank of Hazleton, Luzerne county, Pennsylvania."

5. Said judgment No. 61, October term, 1893 (First Nat. Bk. of Hazleton v. John A. Kintz), was not revived and has never been paid.

6. On March 29, 1899, Matilda Kintz and Anthony Kintz, her husband, executed and delivered a note for $566.22, dated March 29, 1899, payable one day after date, with warrant to confess judgment, to the First National Bank of Hazleton. On this note judgment was entered April 5, 1899, to No. 179, January term, 1899, and it is this judgment that the court is asked to open.

7. In drawing said note a printed blank was used, and it has printed thereon at the lower right-hand corner the letters L. S. in a scroll twice and opposite on the left of these letters the signatures are written.

8. At the time of the entry of judgment on said note there were on said note three internal revenue stamps : one twenty-five cent stamp, one ten cent stamp, and one two cent stamp. These stamps were not canceled.

9. On January 3, 1903, the plaintiff caused these stamps to be canceled by " J. M. H. Dep. Col."

10. On May 11, 1903, the plaintiff paid a penalty of $10.00 and had the note restamped.

11. The said Matilda Kintz, at the time of the signing of said note, was a married woman, being the wife of Anthony Kintz.

12. The consideration for said note was judgment No. 61, October Term, 1893 (The First National Bank of Hazleton v. John A. Kintz), subject to the payment of which John A. Kintz had conveyed said lots Nos. 11 and 12 to Matilda Kintz.

458 HAZLETON NATIONAL BANK *v.* KINTZ, Appellant.

Statement of Facts—Opinion of the Court. [24 Pa. Superior Ct.

The court discharged the rule to open judgment.

*Error assigned* was the order of the court.

*J. O. Ulrich*, with him *Balliet & Seidle*, for appellant.

*J. C. Loose*, of *Craig & Loose*, with him *John R. Sharpless*, for appellee.—The appellant in executing and delivering to the appellee bank the note became a surety for her son : Massey v. Blair, 176 Pa. 34 ; Knarr v. Elgren, 19 W. N. C. 531 ; Zartman v. Spangler, 21 Pa. Superior Ct. 647 ; Range v. Culbertson, 168 Pa. 324 ; Markle v. Fichter, 7 Kulp, 549 ; Habecker v. Smith, 3 Lanc. Law Rev. 337 ; Willis v. Dockstader, 11 Pa. Dist. Reps. 786 ; Woods v. Irwin, 141 Pa. 278 ; Campe v. Horne, 158 Pa. 508 ; Steffen v. Smith, 159 Pa. 207 ; Abell v. Chaffee, 154 Pa. 254 ; McCormick v. Bottorf, 155 Pa. 331.

The acceptance of the deed with the "under and subject" clause created a covenant on the part of the appellant to indemnify her son, John A. Kintz against the payment of the debt : Davis's Appeal, 89 Pa. 272 ; Merriman v. Moore, 90 Pa. 78 ; Taylor v. Mayer, 93 Pa. 42 ; Green v. Rick, 121 Pa. 130 ; Dennis v. Grove, 4 Pa. Superior Ct. 480.

OPINION BY SMITH, J., March 14, 1904 :

Most of the questions of law arising in this case are too well settled to require either discussion or a citation of authorities.

As to the contractual capacity of the defendant, a married woman has full power to bind herself in any manner except as a surety, by any species of obligation, and the established rules of law relating to contracts apply to those made by her. But she cannot, in any form or through any device, become bound for the debt or default of another, except by deed or mortgage.

As to the obligation given by the defendant, it required no seal to authorize a confession of judgment. If a seal was necessary to its validity, there can be no doubt that it was properly sealed. The signature is the material part of the obligation, and any impression is to be deemed a seal if made or adopted as such. The decisions on this point "Establish beyond question that any flourish or mark, however irregular or inconsiderable, will be a good seal if so intended, and a fortiori the same result must be produced by writing the word seal, or the

letters L. S., meaning originally locus sigilli, but now having acquired the popular force of an arbitrary sign for a seal, just as the sign & is held and used to mean and by thousands who do not recognize it as the middle age's manuscript contraction for the Latin et: " Lorah v. Nissley, 156 Pa. 329. And any defect under the federal stamp act was remedied in accordance with that act.

The conveyance by John A. Kintz to the defendant, of the land bound by the plaintiff's judgment against him, was by its express terms " subject to the payment of a certain bond and mortgage for $1,400 to the Anthracite Building and Loan Association of Waverly, and also to the payment of a certain judgment of $500 to the First National Bank of Hazleton." The effect of this is well settled. The general rule is that one purchasing under and subject to the lien of a mortgage given by his vendor is a purchaser, as between himself and his vendor of the entire estate, and is liable to pay the mortgage as part of the purchase money due from him. Thereafter the relation of the vendor to the mortgage is not that of primary debtor, but of surety, the vendee becoming primarily liable therefor: Blood v. Crew-Levick Co., 171 Pa. 328. The same rule applies to a judgment or other incumbrance. In the present case, the conveyance was made subject not merely to the existing lien of the judgment, but to its payment by the vendee. Thereupon the vendee became the primary debtor, and not a surety for her son. On the contrary, his position, with respect to their liability on the judgment, became that of surety for her. This result is not affected by the Act of June 12, 1878, P. L. 205, providing that a grantee shall not be personally liable for an existing incumbrance, on a conveyance made under and subject to its payment, " unless he shall, by an agreement in writing, have expressly assumed a personal liability therefor," or the conveyance makes its payment an express condition. Here the grantee, by the note given to the plaintiff for the pre-existing incumbrance, expressly assumed personal liability. The act of 1878 does not require such assumption to be contemporaneous with the conveyance; and the liability of the grantee, as the primary debtor, is an adequate consideration for its assumption at any time. Here the grantee had full contractual capacity in this respect. She chose to recognize the obligation

incurred under the conveyance, and to provide for it by an obligation under seal, voluntarily executed. That her son still remains liable on the judgment does not affect the liability which she thus assumed. It is the ordinary case of a creditor with concurrent securities for the same debt; the payment of one discharges all. The evidence respecting the alleged absence of the "under and subject" clause in the deed, at the time of its execution, is wholly insufficient to impeach the instrument. If interpolated, after the execution of the deed, it could have been only by the grantee, in whose custody it presumably remained.

What we have said disposes of all the matters presented in the appellant's statement of the question involved, and nothing in the assignment requires further discussion.

Judgment affirmed.