## Liberty Trust Company v. Young

*Helfrich & Kohler,* for plaintiff; *Butz & Rupp,* for defendant.

HENNINGER, J., December 17, 1934.—Charles M. Bolich, on February 18, 1926, borrowed $15,000 from plaintiff and gave his unrestricted bond and mortgage on No. 418 Ridge Avenue, Allentown, Pa., to secure the loan. Defendant, on August 18, 1927, bought the mortgaged premises from Bolich's grantee and at the request of plaintiff's president, on August 23, 1927, after maturity of the bond and mortgage, gave plaintiff his bond for $15,000, payable 1 day after date. On January 26, 1931, plaintiff entered the Young bond in the prothonotary's office and obtained judgment in the penal sum of $30,000 to the above term and number.

On February 20, 1931, plaintiff entered judgment on the Bolich bond to no. 895, January term, 1931, and on March 5, 1931, filed a release, releasing all the property, real and personal, of Bolich from liability for the payment of said judgment, reserving, of course, its lien on the mortgaged premises. For this release, Bolich paid plaintiff $1,250, which was credited on the Young judgment. Young had no notice or knowledge of the transaction between Bolich and the plaintiff, and upon learning of it obtained this rule to open the judgment against him.

Defendant contends that the bond which he gave plaintiff was, as he expressed it, "extra collateral", thus making him a surety for the Bolich loan, and that the release of Bolich, the principal, without his knowledge or consent released

him as surety. Plaintiff contends that the bond given by Young was an original undertaking, the consideration for which was forbearance on the part of plaintiff to press for payment of a lien on property then owned by defendant.

Since a heavy burden rests upon one desiring to open a judgment, and since Young's testimony that his bond was asked as "extra collateral" was uncorroborated and specifically denied, we feel impelled to disregard it. The testimony of the plaintiff's officials does not reveal the relationship set up, so we must reason out the situation as best we can.

In the absence of language to the contrary, the courts have held that the giving by the grantee to the lienholder of his personal liability for the debt does not constitute the grantee a surety. So it has been held that a married woman's note to a lienholder is not void as making her a surety for the debt of another: Hazleton National Bank v. Kintz, 24 Pa. Superior Ct. 456; Livengood v. Hay, 55 Pa. Superior Ct. 134.

It has been held that a bond given by a building and loan association grantee to the mortgagor is not a contract of suretyship and ultra vires: Bennett v. Rittenhouse Short-Term B. & L. Assn., 313 Pa. 391.

Our finding that defendant is not a surety compels a dismissal of this proceeding to open the judgment but by no means disposes of the question of the relationship between plaintiff and defendant in regard to the amount due on plaintiff's judgment.

That situation is bristling with problems which we need not solve now and which cannot be stated by the framing of an issue upon the present pleadings. The testimony taken reveals that plaintiff itself is the owner of the mortgaged premises, subject to the mortgage which has never been foreclosed. Defendant may have suffered no loss whatever by plaintiff's action in releasing Bolich, but on the other hand his measure of damages might be on one or another basis, depending upon whether the release was obtained in good or bad faith, though, to plaintiff's credit be it said, there is every indication of good faith and no charge of bad faith. Plaintiff might have been in a better position had it compromised with Bolich against defendant's orders, rather than without his knowledge. Defendant's status might be affected by plaintiff's transactions with subsequent owners of the premises or perhaps even by the nature of the funds invested in this mortgage.

The presence of these problems would make it entirely unfair for us to make an order which could be interpreted as an adjudication that defendant is presently indebted to plaintiff in the amount of $15,000, or $14,750, or even $13,500.

It is just as difficult and just as unnecessary to determine now how these questions may be raised, whether by a rule to open based upon new facts, by answer to a sci. fa. to revive, or in equity, and whether or not a tender is necessary on defendant's part before he may demand an accounting for securities held by plaintiff in connection with this loan. Clearly, however, it is done and whatever conditions precedent must be met by defendant before he may demand it, sooner or later there must and should be a complete accounting between plaintiff and defendant, and therefore we feel it necessary to leave the door open for such a settlement of the accounts between the parties.

Now, December 17, 1934, the petition to open judgment is dismissed and the rule thereon discharged at the costs of the defendant, without prejudice, however, to the right of the defendant to raise the same or other defenses to the payment in full or in part of said judgment by similar or other appropriate proceedings at law or in equity.