DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT
OF THE COUNTY OF WARREN.

I. LEHR BRISBIN, ATTORNEY IN FACT FOR GIRARD IN-
VESTMENT COMPANY, PLAINTIFF, v. ANDREW AND
JULIA BOGOLY, HUSBAND AND WIFE, DEFENDANTS.

Decided October 26, 1944.

For the plaintiff, *John H. Pursel.*

For the defendants, *Bertine Meade.*

KINGFIELD, D. C. J.   The facts in this case are as follows:
A printed form note (known as a married woman's judgment
note guaranteed by her husband) was executed in the State
of Pennsylvania by Julia Bogoly and Andrew Bogoly, who
signed their names at the bottom of the note to the left of
letters "L. S." To the left of the signatures, a witness signed
his name beneath the words "Signed in the presence of."
The last paragraph of the note contained the following
clause: "that at the time of signing and sealing this paper
she received the money on said loan." There is due on the
note the sum of $291. If the note is not a sealed instrument,
the defense of the statute of limitations would be good since
the note was executed about nine years ago. The attorneys
have stipulated that the only question to be decided is whether
the note is a sealed instrument under the laws of the State
of Pennsylvania, and have submitted written briefs in the
matter.

In *Appeal of Hacker,* 121 *Pa.* 192; 15 *Atl. Rep.* 500, the
court held: "Whether the instrument is under seal or not

is a question to be determined by the court upon inspection; and whether or not any mark * * * shall be held to be a seal depends wholly upon the intention of the party executing the instrument as exhibited on the face of the paper itself." In that case there was a testimonium clause and the court held a mere dash of the pen right after the name to be a seal. In the recent case of *Collins* v. *Tracy Grill and Bar Corp.*, 144 *Pa. Super.* 440; 19 *Atl. Rep. (2d)* 617, decided by the Pennsylvania Superior Court in 1941, the court stated that writing the word "Seal" or the letters "L. S." after the signature or signing opposite these or similar devices on the printed form, characterizes the writing as a sealed instrument. In *Hazleton National Bank* v. *Kintz*, 24 *Pa. Super.* 456, and in *Bowman* v. *Robb*, 6 *Pa.* 302, the letters "L. S." had the effect of a seal. In *Loraw* v. *Nissley*, 156 *Pa.* 329; 27 *Atl. Rep.* 242, the court held that a person by signing his name to the left of the printed word "Seal" is ample evidence that he adopted the act of the printer who put it there for a seal. The court further stated that the use of a note in a printed form with blank spaces to be filled in raises a conclusive presumption that all parts of it were adopted by the signer except such as were clearly struck out. This case also states, that the decision in the case of *Bennett* v. *Allen*, 10 *Pa. County Court Reports* 256, wherein the letters "L. S." were held not to be a seal, and upon which case the defendants strongly relied, to be contrary to the settled trend of Pennsylvania cases and that it cannot be approved. In *Corlies* v. *VanNote*, 16 *N. J. L.* 324, the Supreme Court cited two Pennsylvania cases: *Long* v. *Ramsay*, 1 *Serg. & Rawle* 72, and *Taylor* v. *Glaser*, 2 *Id.* 502, which held that it is not necessary that sealing and delivery be mentioned in the writing. In *McClellan* v. *F. A. North Co.*, 14 *N. J. Mis. R.* 760; 187 *Atl. Rep.* 337; affirmed by the Court of Errors and Appeals in 118 *N. J. L.* 168; 191 *Atl. Rep.* 753, which involved a Pennsylvania contract with the letters "L. S." following the signatures, the instrument was held to be a sealed instrument.

Applying the law to the facts at hand, it is my opinion that the instrument in question upon inspection is a sealed instru-

ment. While the words "Witness my hand and seal" or "Sealed and delivered in the presence of" do not appear in the note, the words "signing and sealing" actually appear in the last paragraph of the note and the meaning of this clause is clear and is sufficient to take the place of the usual attestation clause. Even though the usual testimonium clause does not appear, yet where there is a distinct reference in the note of signing and sealing followed by a signature to the left of the printed letters "L. S.," that this is sufficient evidence that the makers adopted the act of the printer in putting the letters "L. S." upon the note for a seal. Judgment will be entered for the plaintiff for $291 against the defendants.