J-A19017-21

2021 PA Super 190

| | | |
|---|---|---|
| CAROL A. WILEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JENNIFER L. BROOKS AND ROBERT R. | : | |
| BROOKS | : | |
| | : | No. 1879 EDA 2020 |
| | : | |
| APPEAL OF: ROBERT R. BROOKS | : | |

Appeal from the Judgment Entered November 19, 2020
In the Court of Common Pleas of Northampton County
Civil Division at C-48-CV-2018-08005

BEFORE: DUBOW, J., MURRAY, J., and COLINS, J.[*]

OPINION BY MURRAY, J.: **FILED SEPTEMBER 24, 2021**

Robert R. Brooks[1] (Brooks) appeals from judgment entered in favor of Appellee, Carol A. Wiley (Wiley), in the amount of $130,386.36. After careful review, we affirm.

In June 2004, Michael Wiley transferred title to a residential building lot to his future daughter and son-in-law, Jennifer and Robert Brooks (Defendants).[2] Prior to the transfer, Michael Wiley funded the subdivision of the land, and Defendants agreed to pay him $55,500 for the cost of subdividing and the value of the lot. However, Defendants never paid

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Brooks' co-defendant and ex-wife, Jennifer L. Brooks, has not appealed.

[2] Michael Wiley married Carol Wiley in 2007. N.T., 8/11/20, at 11. Robert and Jennifer Brooks divorced in 2017. **Id.** at 93.

Michael Wiley. In 2008, at the request of Michael Wiley, Carol Wiley had a promissory note drafted which memorialized Defendants' debt, and provided that Defendants were jointly and severally liable to pay Carol Wiley $55,500 at 6.5% interest, in 120 monthly payments of $630.19, beginning July 1, 2008. On July 12, 2008, Wiley and Defendants executed the promissory note in the presence of a notary. Defendants never made any of the payments prescribed in the promissory note.

On August 27, 2018, Wiley filed the underlying breach of contract action against Defendants. Brooks filed a reply and new matter on October 25, 2018 raising several affirmative defenses, including the statute of limitations, statute of frauds, and lack of consideration. On October 31, 2018, the trial court entered default judgment against Jennifer Brooks after she failed to respond to the complaint. Wiley filed a response to Brooks' new matter on November 13, 2018.

The court held a bench trial on August 11, 2020. At the close of Wiley's case, Brooks moved for compulsory nonsuit, asserting that the action was barred by the four year statute of limitations governing contracts, and that no consideration was given for the debt because Wiley did not own the real estate and did not advance funds. The court denied Brooks' motion, but ordered the parties to file post-trial briefs addressing the statute of limitations and statute of frauds. After reviewing the briefs, the court on September 11, 2020 entered a verdict in favor of Wiley and awarded damages of $130,386.36.

On September 18, 2020, Brooks filed a motion for post-trial relief, which the trial court denied on September 23, 2020. Brooks timely appealed.[3] Both Brooks and the trial court complied with Pa.R.A.P. 1925.

Brooks presents three questions for review:

1. Did the trial Court err by basing its opinion and Verdict on legal theories not advanced by Plaintiff Wiley in her pleadings or at trial and, therefore, upon an impermissible variance between the pleadings and evidence at trial and the legal arguments raised Post Trial?

2. Did the trial Court err by finding that the promissory note in question was an instrument under seal and thus subject to a twenty (20) year statute of limitations, and as such, that Plaintiff Wiley's action for breach of contract was not barred by the four (4) year Statute of Limitations applicable to contracts?

3. Did the lower Court err in finding that the Uniform Obligations Act 33 P.S. § 6 applies to this action and, therefore, consideration for the debt was not required when Plaintiff Wiley pled in her response to New Matter that consideration for the debt was in the form of a building lot and land development costs for Defendant Brooks' home built at 2224 Whitehead Road and not plead [*sic*] the applicability of the Uniform Obligations Act?

Brooks' Brief at 4.

_____

[3] Brooks improperly appealed from the order denying post-trial relief. An order denying post-trial motions is not final and appealable. *See Johnston the Florist Inc. v. TEDCO Const. Corp.*, 657 A.2d 511, 514 (Pa. Super. 1995). On November 12, 2020, this Court ordered Brooks to *praecipe* for entry of judgment; Brooks did so and judgment perfecting this appeal was entered November 19, 2020. *See* Pa.R.A.P. 905(a)(5) (a notice of appeal filed after a decision but before entry of an appealable order shall be treated as filed after appeal is perfected).

In his first issue, Brooks claims the trial court erred by adopting the legal theory concerning the promissory note being a sealed instrument, which was first advanced by Wiley in her post-trial brief. Brooks emphasizes Wiley never argued in her complaint, reply to new matter, or at trial that the promissory note was a sealed instrument subject to a 20-year statute of limitations. *Id.* at 17. Brooks asserts it was procedural error for the court "to base its verdict on legal theories not pled by [Wiley] nor argued by [Wiley] during trial. This was an unacceptable deviation from the pleadings and evidence which deprived [Brooks] of his right to know and defend the claims against him." *Id.* at 18. Brooks does not cite any legal authority to support his argument. *See* Pa.R.A.P. 2119. (requiring an appellant to discuss and cite pertinent authorities). Upon review, we are inclined to conclude there is no authority on point.

Regarding Brooks' reply and new matter to Wiley's complaint, Rule 1030 provides:

> "[A]ll affirmative defenses including but not limited to the defenses of . . . statute of limitations . . . shall be pleaded in a responsive pleading under the heading 'New Matter'".

Pa.R.Civ.P. 1030. An affirmative defense is a defense which pertains to "a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's ... claim, even if all the allegations in the complaint are true." *Reott v. Asia Trend Inc.*, 55 A.3d 1088, 1095 (Pa. 2012). The Rules require that a defendant plead these matters and the plaintiff reply to them

so that the issues in the dispute may be sharpened at an early stage. *Fox v. Byrne*, 525 A.2d 428, 430 (Pa. Super. 1987). If the court then determines that there does not exist any factual dispute, it may resolve the case as a matter of law and avoid an unnecessary trial. *Id.* (citations omitted).

However,

Pennsylvania Rule of Civil Procedure 1029(d) governs when a party must file a responsive pleading to an averment contained in a new matter or other pleading. Rule 1029(d) provides that averments in a pleading to which no responsive pleading is required shall be deemed to be denied. **If a party's new matter does not contain facts supporting an affirmative defense, but rather contains merely conclusions of law, no denial is required because such averments are deemed to be denied.** Because such averments are deemed to be denied, they are, therefore, in issue, and no judgment may be entered based upon a party's failure to respond to those averments.

*Gotwalt v. Dellinger*, 577 A.2d 623, 626 (Pa. Super. 1990) (emphasis added).

Here, Brooks pled in his new matter the statute of limitations as an affirmative defense. *See* Answer to Plaintiff's Complaint with New Matter, 11/13/18, at ¶12 ("Plaintiff's action is barred by the applicable Statute of Limitations."). Brooks did not aver any facts in his new matter in support of this affirmative defense, and thus Wiley was not obligated to respond. *Gotwalt, supra*.

Brooks also raised the statute of limitations as an affirmative defense at trial. *See* N.T., 8/11/20, at 84-91. Thereafter, the court requested the parties file post-trial briefs "with some written authority and case law

authority on the issues that have been raised." *Id.* at 106. The court stated it was "particularly interested in the Statute of Limitations issue." *Id.* The court also stated the issue would "require some additional research on the part of the [c]ourt." *Id.* at 91.

On September 10, 2020, Wiley filed her post-trial brief in which she argued — for the first time and in opposition to Brooks' affirmative statute of limitations defense — that the promissory note was a sealed instrument subject to a 20-year statute of limitations. Plaintiff's Post-Trial Brief, 9/10/20, at 3-5 (unnumbered). Wiley raised this argument in advance of the trial court's decision, and in response to the court's request for "some written authority and case law authority on the issues." N.T., 8/11/20, at 106. We discern no error.

The trial court requested post-trial briefs to fully consider the arguments and law pertinent to the parties' dispute **prior** to making its decision. *See Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008) ("for any claim required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court"); *Cf. Andrews v. Cross Atlantic Capital Partners, Inc.*, 158 A.3d 123, 129 (Pa. Super. 2017) (claim waived when the appellant's argument on appeal advanced a different legal theory than that offered at trial **and** post-trial). Although the court issued its decision without formally affording Brooks an opportunity to respond, Brooks was not, as he claims, "deprived of . . . his right to know and defend." Brooks'

Brief at 18. Brooks had the opportunity, and did in fact respond, in his motion for post-trial relief. *See* Brooks' Motion for Post-Trial Relief, 9/18/20, at 2-3 (two full pages of argument refuting the court's finding that the promissory note was a sealed instrument subject to the 20-year statute of limitations). Accordingly, no relief is due.

In his second issue, Brooks argues the trial court erred substantively in finding the promissory note was subject to a 20-year statute of limitations as a written contract under seal, rather than the 4-year statute of limitations governing contract disputes. "The application of the statute of limitations to an alleged cause of action is a matter of law to be determined by the court." *Packer Soc'y Hill Travel Agency, Inc. v. Presbyterian Univ. of Pennsylvania Med. Ctr.*, 635 A.2d 649, 651 (Pa. Super. 1993). "Whether an instrument is under seal or not is a question of law for the court, and whether a seal placed on an instrument has been adopted by the maker as his seal is a question of fact." *Swaney v. Georges Twp. Rd. Dist.*, 164 A. 336, 337-38 (Pa. 1932). Likewise, "[w]hen a contract is clear and unequivocal, its meaning must be determined by its contents alone." *N.E.A. Cross, Inc. v. Nat'l Fuel Gas Supply Corp.*, 600 A.2d 228, 229 (Pa. Super. 1991).

> The paramount goal of contractual interpretation is to ascertain and give effect to the intent of the parties. In determining the intent of parties to a written agreement, the court looks to what they have clearly expressed, for the law does not assume that the language of the contract was chosen carelessly.

*Id.* (quoting ***PBS Coals, Inc. v. Burnham Coal Co.***, 558 A.2d 562 (Pa. Super. 1989). Further, "a contract must be interpreted to give effect to all of its provisions." ***Commonwealth ex rel. Kane v. UPMC***, 129 A.3d 441, 464 (Pa. 2015). "Thus, our Court 'will not interpret one provision of a contract in a manner which results in another portion being annulled.'" ***Id.*** (quoting ***LJL Transp. v. Pilot Air Freight***, 962 A.2d 639, 648 (Pa. 2009)).

Section 5525(a)(8) of the Judicial Code establishes a four-year statute of limitations period for,

> [a]n action upon a contract, obligation or liability founded upon a writing not specified in paragraph [(a)](7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

42 Pa.C.S.A. § 5525(a)(8). "[A]n action upon an instrument in writing under seal," however, "must be commenced within 20 years." 42 Pa.C.S.A. § 5529(b).

Brooks states "the word seal does not appear on the signature lines" of the promissory note, and asserts "there was no evidence of a meeting of the minds" regarding the note being "an instrument under seal and subject to a twenty (20) year statute of limitations." Brooks' Brief at 21.

In response, Wiley cites the specific language of the promissory note, which states, "[T]his note shall take effect as a sealed instrument. . . ." Complaint, 8/27/18, Ex. A (promissory note); ***see also*** Wiley's Brief at 9. Wiley urges this Court to effectuate the clear and unequivocal terms of the

promissory note, and affirm the finding that the note is subject to a 20-year statute of limitations. *Id*. at 10.

This Court's decision in *Driscoll v. Arena*, 213 A.3d 253 (Pa. Super. 2019) (*en banc*) is instructive. Pertinently, *Driscoll* involved confessed judgments entered upon promissory notes that had been executed in 2005 and 2009. At issue was whether the notes were instruments under seal, governed by a 20-year statute of limitations, or, if not under seal, barred by the four-year limitation provided by 42 Pa.C.S.A. § 5525(7).

Each of the notes in *Driscoll* contained the following language on the second of two pages, under the heading "Waiver": "Borrower intends this to be a sealed instrument and to be legally bound hereby." *Driscoll*, *supra* at 258. The trial court determined the language was insufficient to invoke the 20-year limitation period provided in Section 5529(b)(1). After a lengthy review of precedent concerning instruments under seal, this Court reversed.

We first examined *Beneficial Consumer Discount v. Dailey*, 644 A.2d 789 (Pa. Super. 1994), where we held that when a document contains the pre-printed word "SEAL" next to the signatories' names, there is a presumption that the 20-year statute of limitations applies. We explained:

> Unless one distances himself from the pre-printed seal, the other party to a contract should be entitled to rely on the objective manifestations of the maker's actions. There can be no question that the pre-printed "SEAL" is an actual seal and that the borrowers signed next to it. The borrowers were under no duty to accept the seal, and had every opportunity to inquire about its significance, and signed the agreement freely. We must

therefore agree with the trial court that the obligation should be enforced.

*Driscoll*, 213 A.3 at 258–59 (cleaned up). We deemed it significant that *Beneficial Consumer* did not require the word "seal" be located by the signature line, or address the situation where the contract expresses the intent regarding the sealed nature of the instrument without including any mark near the signature. *Id.* at 259. We continued:

> There appears to be no Pennsylvania authority directly controlling the question before us, though a 19th century opinion from our Supreme Court provides some guidance:
>
>> The days of actual sealing of legal documents, in its original sense of the impression of an individual mark or device upon wax or wafer, or even on the parchment or paper itself, have long gone by. It is immaterial what device the impression bears, and the same stamp may serve for several parties in the same deed. Not only so, but the use of wax has almost entirely—and, even of wafers, very largely—ceased. **In short, sealing has become constructive, rather than actual, and is in a great degree a matter of intention.**

*Id.* at 259 (quoting *Lorah v. Nissley*, 27 A. 242 (Pa. 1893) (emphasis added in *Driscoll*)).

We then reiterated that the goal of contract interpretation is to determine the intent of the parties as expressed in the contract's language, giving effect to all of its provisions. *Id.* Since the plain language of the notes in *Driscoll* — "Borrower intends this to be a sealed instrument and to be legally bound hereby" — unequivocally demonstrated the parties' intent

- 10 -

that the document be a sealed instrument, we concluded the notes were sealed instruments subject to a 20-year limitation. *Id*. at 259-60.

Given *Driscoll*'s focus on the intent of the parties and observation that sealing has become constructive, we likewise conclude in this case that the promissory note evidences the intent to create an instrument under seal. The language – "this note shall take effect as a sealed instrument. . . ." – indicates that sealing is complete when the document is signed. We are therefore unpersuaded by Brooks' claim that the trial court erred in determining the promissory note was an instrument under seal.

In his final issue, Brooks contends the trial court erred "in finding that the Uniform Obligations Act, 33 P.S. § 6, applies to this action and as such consideration for the debt was not required." Brooks' Brief at 25. Brooks also argues the court erred in basing its verdict on a legal theory that was "neither pled by [Wiley] in the Complaint and/or in Reply to [Brooks'] New Matter nor argued during the course of the trial," but cites no authority for this position. *See id*; *see also* Pa.R.A.P. 2119.[4]

Wiley counters that because the promissory note contains the words "agree to remain fully bound hereunder until this note shall be fully paid," it

---

[4] We reject this argument for the reasons discussed above, and note Brooks had the opportunity and responded to the trial court in his motion for post-trial relief. *See* Brooks' Motion for Post-Trial Relief, 9/18/20, at 4-5 (arguing against the trial court's application of the Uniform Written Obligations Act).

satisfied Pennsylvania's Uniform Written Obligations Act (UWOA) and did not require other consideration.

Section 1 of the UWOA reads:

A written release or promise, hereafter made and signed by the person releasing or promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound.

33 P.S. § 6. Under this provision, if an agreement is accompanied by an intentional, binding statement, it does not require further consideration:

Our caselaw has explained that, generally, this section provides that a written agreement will not be deemed to be void for lack of consideration if it contains an express statement that the signer intends to be legally bound, *Yocca v. Pittsburgh Steelers Sports, Inc.*, [] 854 A.2d 425, 433 ([Pa.] 2004), and, more explicitly, has interpreted this provision to supply the necessary consideration for an agreement. *See Morgan's* [*Home Equip. Corp. v. Martucci*], [] 136 A.2d [838,] at n. 12 [(Pa. 1957)] (parties' express intention to be legally bound within meaning of UWOA has the same effect in importing consideration as a seal on the agreement).... [A]ny party challenging the validity of a contract containing an express intent to be legally bound will not be entitled to relief from the agreement on the basis that the promises made therein lack consideration.

*Socko v. Mid–Atlantic Systems of CPA, Inc.*, 126 A.3d 1266, 1276–77 (Pa. 2015). The UWOA applies to notes and mortgages, as well as other contract documents. *See*, *e.g.*, *First Fed. Sav. & Loan Ass'n of Pittston v. Reggie*, 546 A.2d 62, 66–67 (Pa. Super. 1988) (applying UWOA, but holding mortgage was unenforceable because it did not specify intent to be

legally bound); ***Kronz v. Cech***, 175 B.R. 585, 593 (W.D. Pa. 1994) (requirements of UWOA satisfied by language in mortgage instrument).

Here, the promissory note contains the following language preceding Brooks' signature:

> The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound hereunder until this note shall be fully paid and waive demand, presentment and protest and all notices thereto and further agree to remain bound, notwithstanding any extension, renewal, modification, waiver, or other indulgence by any holder or upon the discharge or release of any obligor hereunder or to this note, or upon the exchange, substitution, or release of any collateral granted as security for this note.

***See*** Complaint, 8/27/18, Ex. A (promissory note).

As discussed above, under the UWOA, the absence of consideration does not render an agreement unenforceable where the agreement contains an express statement of the signatories' intent to be bound. ***See Socko***, 126 A.3d at 1276. As the parties' promissory note contains such language, it is not unenforceable for lack of consideration.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2021

- 13 -