422 A.2d 1143

**Sydney KLEIN, Appellant**

**v.**

**Russell J. REID and Rosalie C. Reid, His Wife.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed Nov. 26, 1980.

Stewart B. Barmen, Pittsburgh, for appellant.

Eugene A. Lincoln, Pittsburgh, for appellees.

Before CAVANAUGH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in concluding that this action is barred by the statute of limitations. We agree and, accordingly, reverse the order of the lower court.

On January 26, 1979, appellant instituted this action in assumpsit. Appellees filed preliminary objections in the nature of a demurrer, contending that the action was barred by the statute of limitations. The lower court sustained the preliminary objections and dismissed the complaint. This appeal followed.

"A demurrer admits every well–pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law." *Gekas v. Shapp*, 469 Pa. 1, 5, 364 A.2d 691, 693 (1976). So viewed, the facts may be summarized as follows: On January 9, 1970, appellees executed a promissory note in the amount of $6,053.88 payable to the order of Homewood Heating Company. The note is a printed form which contains two lines upon which appellees placed their signatures. Printed immediately to the right of each signature is the designation "(Seal)." Appellant ultimately acquitted the note and demanded payment of the outstanding balance. Upon appellees' refusal, appellant commenced this action.

When appellees executed the note in this case, the statute of limitations for suit upon instruments not under seal was six years. Act of March 27, 1713, 1 Sm.L. 76, § 1, 12 P.S. § 31 (repealed).[1] At that time, however, there was no statute of limitations for instruments under seal. *Nagle Engine & Boiler Works v. Erie*, 350 Pa. 158, 38 A.2d 225 (1944); *Transbel Investment Co. v. Scott*, 344 Pa. 544, 26 A.2d 205 (1942); *Miners Savings Bank of Pittston v. Duryea Borough*, 331 Pa. 458, 200 A. 846 (1938).[2] Consequently,

---

**1.** *See* note 2 *infra.*

**2.** Effective June 27, 1978, the Judicial Code established a six year limitation on "action[s] upon a contract, obligation or liability found-

because appellant commenced this action more than six years after the date of the note, the action is barred by the statute of limitations unless the note is a sealed instrument.

■■■ An instrument containing the word "seal" or its equivalent is deemed a sealed instrument if the maker adopts the seal. *See Swaney v. Georges Township Road District*, 309 Pa. 385, 164 A. 336 (1932); *Lorah v. Nissley*, 156 Pa. 329, 27 A. 242 (1893); *Hess's Estate*, 150 Pa. 346, 24 A. 676 (1892); *Collins v. Tracy Grill & Bar Corp.*, 144 Pa.Super. 440, 19 A.2d 617 (1941); *Graybill v. Juniata County School District*, 21 Pa.Cmwlth. 630, 347 A.2d 524 (1975). Unless adequately rebutted, the presence of the maker's signature next to the printed word "seal" on a printed form note constitutes ample evidence that the maker did, in fact, adopt the seal. *See Koleff's Estate*, 340 Pa. 423, 16 A.2d 384 (1940); *Lorah v. Nissley, supra* ; *Collins v. Tracy Grill & Bar Corp., supra* ; *Graybill v. Juniata County School District, supra. See also Federal Deposit Insurance Corp. v. Barnes*, 484 F.Supp. 1134 (E.D.Pa.1980) (applying Pennsylvania law).

■■ In the instant case, appellees presented no evidence to establish that they did not intend to adopt the printed seal. In the absence of such evidence, we must conclude from their signatures, followed by the designation "(Seal)," that the note is a sealed instrument. *See Federal Deposit Insurance Corp. v. Barnes, supra* at 1148. In holding that the note is not under seal, the lower court relied upon an Allegheny County Common Pleas Court decision which hold that the statute of limitations barred an action on a similar note because the note was not a sealed instrument. *Associates Consumer Discount Co. v. Gabriel*, 72 Pa.D. & C.2d 687 (Allegheny County 1974). That court stated: "The printed word 'SEAL' or 'L.S.' on a printed form document is not the seal of the parties signatory, nor does it make the document

ed upon a bond, note or other instrument in writing . . . ." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 5527(2). Thus, under the Judicial Code, actions or sealed and unsealed instruments are subject to the same six–year limitation.

one under seal regardless of any printed language in the document tending to indicate the parties intended to be so." *Id.* at 691–92. The court reasoned that "[a] member of the general public who deals with entities which use printed forms has no choice but to sign the form used by the entity, and if the printed form contains the word 'SEAL' or 'L.S.' after the signature line, it cannot be said that the person is choosing to adopt the printing as his or her personally identifiable seal." *Id.* at 690.

■ We decline to follow *Gabriel* in this case. We recognize, as did our Supreme Court more than ninety–two years ago, that "[t]he world has outgrown the necessities of an age when men made their seals because they could not write; what then from necessity attested the very act of execution and the genuineness of it, is now but a mere arbitrary form . . . ." *Hacker's Appeal*, 121 Pa. 192, 203, 15 A. 500, 501 (1888). We believe, however, that courts should be reluctant to overrule well settled principles where to do so would result in an action being barred by the statute of limitations. Moreover, if such a change is to be made, we believe that the decision is more appropriately left to our Supreme Court. Consequently, finding that the note in this case is under seal, we hold that the lower court erred in concluding that the statute of limitations bars this action.[3]

Order reversed.

3. Section 25(a) of the Judiciary Act of 1976, P.L. 586, No. 142 (reprinted at 42 Pa.C.S. § 5527), states:
> Any civil action or proceeding:
>> (1) the time heretofore limited by statute for the commencement of which is reduced by any provision of this act; and
>> (2) which is not fully barred by statute on the day prior to the effective date of this act;
> may be commenced within one year after the effective date of this act, or within the period heretofore limited by statute, whichever is less . . . .

Assuming, *arguendo*, that section 25(a) applies here, where previously there was no limitation on actions on sealed instruments, appellant's action is timely because it was commenced within one year of the effective date of the Judicial Code.