## Somerset Trust Company v. Foust

*William R. Carroll,* for plaintiff.
*Joseph B. Policicchio,* for defendant.

COFFROTH, *P.J.* March 14, 1984—Counsel for the parties agreed at pretrial conference that the only issue here is whether the action is barred by the statute of limitations, that such is a question of law only, and that the case should be taken under advisement as though on a motion by defendants for judgment on the pleadings. After reviewing the record and arguments of counsel, we reach the following conclusions:

(1) This is an action in assumpsit by lender against borrower and guarantor, to recover the balance due of the debt, plus interest and costs. The debt was originally created in a judgment note and chattel mortgage combined into a single document, dated October 4, 1972, and signed by defendant Charles F. Foust trading as Charles Foust Trucking, and is accompanied by a separate written guaranty by defendant Betty R. Foust; both documents authorize confession of judgment, and the signatures on both documents are immediately followed by the printed word "SEAL".

(2) Judgment was entered against both defendants by confession on July 24, 1975, for the principal amount, plus interest and costs, to No. 708 Judgment 1975. On July 11, 1980, a writ of revival was issued pursuant to praecipe filed under Civil Rule 3025(1), and served sec reg, within the five year period allowed for revival under Judicial Code §5526(1), 42 Pa.C.S., to No. 997 Judgment 1980, thus reviving the judgment for an additional five year period pursuant to §3 of the Judgment Lien Law, Act of 1947 PL 1234, 12 P.S. §879.*

(3) Section 407 of Act No. 6 of 1974 PL 13, 41 PS §407 (hereafter 1974-6) prohibits execution of a confessed judgment on residential real estate unless plaintiff has first filed and obtained judgment in a civil action brought pursuant to the Rules of Civil Procedure 2981-2986. Plaintiff, seeking execution

---

*The Judgment Lien Law was repealed by the Judicial Code, but only to the extent inconsistent with general rules of the Supreme Court, Civil Rules 3025-3048, which deal with procedure only. Hence, the Judgment Lien Law continues to govern the substantive law of judgment revival. See: Turner v. Hasker, 20 D.&C. 3d 769 (1981); Goodrich Amram 2d §3025:2.

of the previously confessed judgment upon residential real estate, has filed the instant action in obedience to §407 of 1974-6 supra.

(4) The note and chattel mortgage, and the guaranty contract, in suit are sealed instruments. Klein v. Reid, 282 Pa. Super. 332, 422 A.2d 1143 (1980). In 1975, there was no statute of limitations on sealed instruments; they were governed only by the rebuttable 20 year presumption of payment. Irons v. Jacobs, 37 Somerset L. J. 191, 13 D.&C. 3d 446 (1979). Effective June 27, 1978, the Judicial Code established a six year statute of limitations on sealed instruments. See Klein v. Reid, supra, 282 Pa. Super. at 334, note 2; Irons v. Jacobs, supra. But that limitation was extended for one year to June 27, 1979, as respects sealed instruments issued prior to June 27, 1978, and not fully barred on said date. Irons v. Jacobs, supra. That extension would apply to this case. The initial confession of judgment in 1975 was timely.

(5) Entry of a valid judgment for money normally has the legal effect of merging the contractual obligation into the judgment and thereby extinguish the contractual obligation. See: Union National Bank v. Starr, 53 D.&C. 2d 4(1971); Goodrich Amram 2d §2953:2; PLE, Judgment §256; Restatement Of Judgments §§45, 47 and 48. Similarly a judgment of revival of a judgment creates a new liability for the prior debt. See: CJS, Judgments §600; compare Restatement of Judgments §47 Comment a to the effect that a judgment obtained in an action on a judgment does not merge the latter judgment in the former judgment. The doctrine of merger will not be carried further than justice requires. CJS, Judgments §599. In the instant case, §407 of 1974-6 supra and Civil Rule 2986(a) expressly provide for

merger of the judgment obtained in the action into the confessed judgment.

(6) The statute of limitations governing initial action on the contract to obtain a judgment, must be distinguished from the statute of limitations governing the lien of the judgment thereby obtained; in this case, the latter limitation for revival of judgment was and is five years. The requirements of those limitations have been met here as respects action on the note and to revive judgment. The question is whether the instant action of assumpsit under §407 of the Act of 1974-6 is timely.

We hold that the foregoing limitations do not apply to the instant action under §407, and that there is no other statute of limitations on such an action, either in the Act of 1974-6 or elsewhere; bringing such an action and prosecuting it to judgment are conditions precedent upon the right of execution on the confessed judgment (into which the judgment in the action is merged). Thus, there is no other time limit on bringing the action; the statute's limitation is merely upon the right of execution which cannot precede judgment in the action. Hence, defendants' contention that this action must be brought within the six year statute of limitation is without merit. The action is really but a pre-execution notice procedure giving the residential owner a last clear chance to avoid execution. Compare General Electric Credit Corp. v. Slawek, 269 Pa. Super. 171, 409 A.2d 420 (1979).

## ORDER

Now, March 14, 1984, defendants' motion for judgment on the pleadings is denied. The case shall proceed to trial sec reg.