**UNITED STATES of America**

v.

**Alfred and Barbara HEMMONS.**

**Civ. A. No. 91–1449.**

United States District Court,
E.D. Pennsylvania.

Sept. 25, 1991.

Julia H. McCartney, Sp. Asst. U.S. Atty., Philadelphia, Pa., for U.S.

Alfred Hemmons, pro se.

## OPINION

CAHN, District Judge.

Before the court are the plaintiff's Motion for summary judgment on its claim and to dismiss the defendant's counterclaim. For the reasons set forth below, these Motions will be granted.

### I. *Factual Background*

On February 27, 1979 the defendants, Alfred and Barbara Hemmons ["the defendants"] borrowed $8,000 from Greater Bethlehem Savings and Loan ["the bank"] for the purpose of improving their home. *See* Def. Ans. ¶ 3; Pl.Ex. A. In order to borrow the money, the defendants signed a loan agreement, a promissory note, and a confession of judgment. *See* Pl.Ex. A; K. The loan was guaranteed by the United States Government through the Department of Housing and Urban Development ["the plaintiff" or "HUD"]. On June 21, 1982 the bank wrote to the defendants informing them that the loan was in default

because of irregular payments. Because of the default, the bank accelerated the balance of the note. *See* Pl.Ex. B. On February 20, 1981, the bank assigned its rights in the defendants' confession of judgment to HUD. On July 21, 1982 the bank formally applied for indemnification from HUD, the guarantor of the loan. *See* Pl.Ex. C.

HUD attempted to work out various repayment plans with the defendants. *See* Pl. West Aff. ¶ 7. The defendants' payments remained sporadic, though. *See* Pl. Ex. H. On March 6, 1991 HUD filed suit to recover the outstanding balance of the loan.

## II. *The Defendant's Counterclaim*

In their answer, the defendants assert a counterclaim against HUD based on alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ["TILA"]. Based on these allegations, the defendants have requested that judgment be entered in their favor in the amount of $16,573.89 plus costs and attorney's fees. *See* Def. Ans. ¶ 5. The plaintiff has asked the court to dismiss this counterclaim.

### A. *Standards for Dismissal*

When considering a Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court

> must accept as true all factual allegations in the ... complaint and all reasonable inferences that can be drawn from them. The ... complaint must be construed in the light most favorable to the plaintiffs, and can be dismissed only if the plaintiffs have alleged no set of facts upon which relief could be granted.

*Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1410 (3d Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). Since this case involves pro se defendants, the court shall allow the defendants additional leeway in their pleadings.[1]

### B. *The Legal Insufficiency of the Claim*

■ There is, simply put, no set of facts which would entitle the defendants to recover the relief they have requested. Even if the defendants' allegations were true, and the TILA had been violated, the defendants would not be entitled to recover monetary damages from HUD to compensate for the violation. The TILA expressly provides that

> [n]o civil or criminal penalty provided under this subchapter for any violation thereof may be imposed upon the United States or any department or agency thereof, or upon any State or political subdivision thereof, or any agency of any State or political subdivision.

15 U.S.C. § 1612(b).[2] *See also In re Gillespie*, 110 B.R. 742, 747 (Bankr.E.D.Pa.1990) ("§ 1612(b) ... exempts HUD, like any other political subdivision, from monetary liability for TILA violations."). While the defendants may have stated a claim under the TILA, the express provisions of the statute deprive the court of the power to grant the requested relief. The counterclaim is therefore dismissed.

### III. *The Plaintiff's Claim*

The plaintiff has moved for summary judgment on its claim for the amount of the outstanding debt. For the reasons set forth below, this Motion shall be granted,

---

1. The amount of this leeway is tempered, though, because Alfred Hemmons is a practicing member of the Pennsylvania Bar.

2. The provisions of 15 U.S.C. § 1612(a), which provide that government agencies, such as HUD, must comply with the requirements of the TILA, are not rendered nugatory by § 1612(b), which prevents courts from imposing "civil or criminal" penalties on government agencies. While the two sections, read together, prevent a suit for money damages from stating a claim upon which relief can be granted, a suit which does not seek to impose a civil or criminal penalty would not be barred. While a suit for prospective injunctive relief (i.e. seeking to prevent HUD from continuing to use a form which violates the TILA) would seem to fall into the category of suits not seeking civil or criminal penalties, it is not necessary to reach that issue in this particular case, since a suit for money damages is unquestionably one seeking to impose a civil penalty. *Cf. Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (allowing suits against state agencies and officials for prospective injunctive relief, but not for monetary damages).

and judgment will be entered for the plaintiff.[3]

### A. Standards for Summary Judgment

Under Fed.R.Civ.P. 56(c),

[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). In *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court clearly stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555 (citation omitted).

Although the use of summary judgment is not disfavored, a party moving under Rule 56(c) must meet a high standard. The movant must demonstrate to the court that there are no disputed issues of material fact, and that the moving party is entitled to judgment as a matter of law. *See Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53; *Boyle v. Governor's Veterans Outreach and Assistance Center,* 925 F.2d 71, 75 (3d Cir.1991); *In re Paoli R.R. Yard PCB Litigation,* 916 F.2d 829, 860 (3d Cir.1990).

It is only after the moving party has met its burden of demonstrating that there are no disputed issues of material fact that non-moving party must respond. *See Celotex,* 477 U.S. at 321, 106 S.Ct. at 2551; *Maldonado v. Ramirez,* 757 F.2d 48, 50 (3d Cir.1985). If the moving party has not demonstrated the absence of disputed issues of material fact, the Motion for summary judgment will be denied even if the non-moving party chooses not to respond at all. *See Maldonado,* 757 F.2d at 50.

If the moving party has presented evidence in support of its Motion, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. In order to do so, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In considering the depositions, affidavits, and other forms of proof submitted by the parties the court cannot make credibility determinations or weigh the evidence. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *In re Paoli R.R. Yard,* 916 F.2d at 841. "In sum, on a motion for summary judgment the responsibility of the district court is to determine if there are triable issues, rather than to try those issues and make findings based on the affidavits and other materials accompanying the motion." *Country Floors v. Partnership of Gepner and Ford,* 930 F.2d 1056, 1062 (3d Cir.1991). Additionally, "[o]n summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356 (citation omitted). For these reasons, summary judgment is only proper when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356; *see also In re Paoli R.R. Yard,* 916 F.2d at 860.

In this case, the defendants have chosen not to submit any affidavits or other forms of proof in order to resist the plaintiff's Motion for summary judgment. Instead, the defendants have chosen to rest on their

---

**3.** As of September 19, 1991, when Raymond J. Caimi, Financial Litigation Agent, submitted a statement of the defendants' outstanding debt, the amount in controversy in this lawsuit was $17,655.24 ($7,906.47 principal and $9,748.77 accumulated interest). The per diem interest rate is $2.60 (12% per annum).

pleadings. In a situation such as this, summary judgment will be granted if the plaintiff has met its burden of demonstrating that there are no disputed issues of material fact.

### B. *The Insufficiency of Defendant's Objections*

In their pleadings the defendants have raised several legal objections to the propriety of summary judgment. All of these legal objections are either incorrect or are insufficient to prevent the entry of summary judgment.

### 1. *The Form of the Plaintiff's Affidavit*

The defendants object to the use of an affidavit submitted by Lester J. West, the director of HUD's debt management staff, on the grounds that the affidavit is not notarized. This objection is critical since the court would not be able to consider any of the plaintiff's proffered documents if this affidavit were fatally defective.[4]

While it is true that an unsworn or uncertified affidavit cannot form the basis for granting summary judgment, *see Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 158 n. 17, 90 S.Ct. 1598, 1608 n. 17, 26 L.Ed.2d 142 (1970) (unsworn affidavits may not be considered); *Cummings v. Roberts*, 628 F.2d 1065, 1068 (8th Cir.1980) (uncertified records may not be considered), it is not clear that the West affidavit was unsworn. While the affidavit was not notarized, it does state that "having been duly sworn, [West] certif[ies]...." West Aff. at 1.

Fortunately, the court does not have to decide whether this language, without more, is sufficient for an affidavit to be sworn, within the meaning of Fed.R.Civ.P. 56(e). On September 25, 1991 the plaintiff submitted a second, notarized, copy of the West affidavit. Since the West affidavit is now notarized, both it and the documents it identifies as government records may be considered in deciding this Motion for summary judgment. *See Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (to be considered on summary judgment, evidence must be capable of being admitted at trial; it need not be in admissible form); *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir.1989) ("evidence should not be excluded on summary judgment on hypertechnical grounds").

### 2. *Venue*

■ The defendants claim that venue in this court is improper, citing Pa.R.Civ.P. 2982.[5] State rules of civil procedure do not apply in a federal court. *See, e.g.,* U.S. Const. art. IV (Supremacy Clause); *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Sibbach v. Wilson & Co.*, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), since jurisdiction is not based solely on diversity of citizenship, and all defendants reside in this district.

### 3. *41 Pa.Stat.Ann. § 101 et seq.*

The defendants also raise an objection based on 41 Pa.Stat.Ann. § 101 *et seq.* (limits on allowable interest rates). While the defendants do not specify how they believe that the provisions of the Pennsylvania usury laws have been violated, the challenge is unavailable. The law expressly provides that it is inapplicable to "any loan insured or guaranteed in whole or in part by the Federal Housing Administration." 41 Pa.Stat.Ann. § 302.

---

4. With the exception of the West affidavit, all of the plaintiff's proffered evidence consists of government records. Without the affidavit of West, the records custodian, the remainder of the documents would be inadmissible hearsay. "Material that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir.1990) (citation omitted).

5. Actually, the defendants claim that this court does not have *jurisdiction* over this suit because of Pa.R.Civ.P. 2982. Since the rule in question is entitled "Venue," and since the defendants are pro se, the court shall interpret the defendants' objection to be directed to the venue of this suit. This court has jurisdiction over this case pursuant to 28 U.S.C. § 1345 (federal district courts have jurisdiction over suits brought by the federal government or by a federal agency).

### 4. *Statute of Limitations*

■ The defendants claim that the plaintiff did not file suit within the applicable statute of limitations, and that the complaint should therefore be dismissed. An examination of the circumstances which gave rise to this claim, and the applicable tolling rules, shows that the claim was timely.

■ The relevant statue of limitations provides that suit must be brought within four years. *See* 42 Pa.Const.Stat.Ann. § 5525(7).[6] The difficult question in this case is determining when the four year period began to run.

The defendants argue that the four year period began to run sometime in 1982, when the defendants stopped making regular payments on the loan. If the defendants were correct that the statute of limitations began running in 1982, this suit would clearly be barred.

The court finds, however, that the statute of limitations did not begin to run until January 30, 1989. Since the plaintiff filed this suit on March 6, 1991, the suit is not barred by 42 Pa.Const.Stat.Ann. § 5525(7).

An examination of plaintiff's exhibit H (a record of the loan payments made by the defendants, and the interest charges incurred by them) reveals that the defendants made payments on the loan on July 18, 1985, October 15, 1985, November 5, 1985, December 16, 1985, April 7, 1986, May 7, 1986, September 15, 1988, November 14, 1988, December 1, 1988, and January 30, 1989. *See* Pl.Ex. H.

These payments evidence a continuing acknowledgement of the debt by the defendants. Under Pennsylvania law, when, as here, a loan payment serves as an acknowledgement of the total outstanding debt, the statute of limitations re-commences running with each payment. *See Philadelphia v. Holmes Electric Protective Co. of Philadelphia,* 335 Pa. 273, 280, 6 A.2d 884 (1939). This is clearly the correct result. Were the statute of limitations to begin running at the time of the first missed payment, and if it were not to re-commence running when additional payments were made, an unscrupulous homeowner could skip the first payment of a thirty year loan (having 360 total payments), make four years and one month of payments (89 payments), and then be able to dismiss suits brought to compel the remaining 271 payments.

### 5. *Confession of Judgment*

■ The defendants cite *D.H. Overmyer Co. v. Frick Co.,* 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) for the proposition that the confession of judgment the defendants signed is not valid. *Overmyer* does not stand for the proposition that confession of judgment clauses are per se illegal. Indeed, the *Overmyer* court approved and enforced the confession of judgment clause at issue. *See Overmyer,* 405 U.S. at 187, 92 S.Ct. at 783.

Admittedly, the Court was concerned that the unannounced implementation of a confession of judgment clause could violate due process. *See Overmyer,* 405 U.S. at 188, 92 S.Ct. at 783. This case, however, is not one in which a lender used a confession of judgment clause to deprive a borrower of property without warning. On the contrary, the borrower in this case has been on notice that the loan was in default for almost ten years. Rather than taking *ex parte* action, the plaintiff has sent the defendants four demand letters, two IRS letters, two credit bureau letters, fourteen Western Union rapid reply letters and thirty-seven bills. In addition, the plaintiff

---

**6.** Where federal law does not provide a statute of limitations, a federal court must look to the most closely analogous state statute of limitations in order to determine the relevant time period. *See South Carolina v. Catawba Indian Tribe,* 476 U.S. 498, 507, 106 S.Ct. 2039, 2044–45, 90 L.Ed.2d 490 (1986) ("For it is well established that federal claims are subject to state statutes of limitations unless there is a federal statute of limitations or a conflict with federal policy.")

(footnote omitted); *Walker v. Armco Steel Corp.,* 446 U.S. 740, 753, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980) (federal courts must apply state statues of limitations); *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941) (federal courts must apply state choice of law rules); *Patterson v. American Bosch Corp.,* 914 F.2d 384, 387 (3d Cir.1990).

contacted the defendants by telephone to discuss the loan no fewer than twelve times. *See* West aff. ¶ 7; Pl.Ex. F.

In addition, this is not a case in which an uneducated party has been coerced into signing a confession of judgment. The defendant Alfred Hemmons is a practicing attorney. Due Process was not offended when he signed an affidavit confessing judgment. *See FRG, Inc. v. Manley*, 919 F.2d 850, 856–57 (3d Cir.1990), Pl.Ex. K. The court therefore finds that the confession of judgment is not unconstitutional.[7]

### C. *The Absence of Disputed Issues of Material Fact*

■ The plaintiff has met its burden of showing, by affidavits and the attached certified government records, that there are no disputed issues of material fact. It is not disputed that the defendants borrowed $8,000 at an interest rate of 12% per annum on February 27, 1979. In their pleadings, the defendants argue that the debt was incurred to rehabilitate a different property than the plaintiff claims. In addition to being raised improperly (in pleadings rather than in an affidavit), the dispute is immaterial. The plaintiff's right to collect is not altered by the use of the proceeds of the loan. The plaintiff's right to collect would only be altered if the validity of the assignment of the right to collect was attacked, which it has not been.

■ While the defendants do dispute the amount of the default, they do so in a conclusory fashion, and in their pleadings, rather than in a sworn affidavit. Conclusory affidavits are not helpful, and are therefore not considered when deciding a motion for summary judgment. *See Mid–State Fertilizer v. Exchange National Bank*, 877 F.2d 1333, 1339 (7th Cir.1989); *Maldonado*, 757 F.2d at 51. Since the defendants do not dispute the fact that a default has occurred, the plaintiff's certified documents are adequate to determine the amount of the default.

Although the defendants have raised several legal challenges to the plaintiff's right to collect, none of these challenges can stand. Since the defendants raise no more factual issues, the plaintiff is entitled to judgment as a matter of law.

### IV. *Conclusion*

For the reasons set forth above, the plaintiff's Motion for summary judgment will be granted. The plaintiff's Motion to dismiss the defendant's counterclaim will also be granted.

---

7. Even if the confession of judgment were to be barred, the plaintiff would still be entitled to judgment based on the promissory note or the loan agreement.