**First National Bank of Pennsylvania v. Keefer**

234

*David Abrams,* for plaintiff.
*Crystal H. Thornton,* for defendants.

WAGNER, *J.,* November 30, 2005—We are presented with a motion for summary judgment filed on behalf of the plaintiff, First National Bank of Pennsylvania against the defendants Derek D. Keefer and Doris R. Keefer. The issues to be determined are: (1) whether a 20-year or four-year statute of limitations applies to a deficiency action under a motor vehicle installment sale contract to satisfy a note and security agreement with the plaintiff Bank; and (2) if the four-year statute of limitations applies, whether an alleged March 2002 payment by defendants' tolled the statute of limitations.

The facts before us are undisputed in that the defendants purchased a 1998 Dodge Stratus sedan from Latrobe Motors Inc., Latrobe, Pennsylvania, on June 2, 1999. (Plaintiff's exhibit 1.) Pursuant to the Pennsylvania Motor Vehicle Sales Finance Act (MVSFA), the defendants signed a contract entitled "Pennsylvania Motor Vehicle Installment Sale Contract." *Id.;* 69 P.S. §601 et al. This contract contained an assignment clause to plaintiff, under which the defendants agreed to pay to the plaintiff Bank the sum of $274.42 per month. *Id.*

On August 4, 2000, the plaintiff repossessed the Dodge Stratus as the defendants were in default. (Plaintiff's

exhibit 2.) This same date, the plaintiff sent a notice of repossession and advisement of redemption rights to the defendants by registered certified mail. (Plaintiff's exhibit 3.) Specifically, this letter advised the defendants that pursuant to Pennsylvania's MVSFA, 69 Pa.C.S. §23, the sum of $11,623.94 could be paid to redeem the vehicle and terminate the then existing contract. *Id.* This letter also provided notice that the defendants had 15 days to redeem the vehicle in order to avoid sale at auction. *Id.*

On September 21, 2000, the plaintiff sent a notice of sale by certified letter to the defendants setting forth the date and time of the sale. (Plaintiff's exhibit 5.) On October 2, 2000, the plaintiff sold the Dodge Stratus at auction to the highest bidder for the sum of $2,000. (Plaintiff's exhibit 6.) On November 8, 2000, the plaintiff notified the defendants of the sale, costs and expenses incurred therein, and the balance owing on the sales agreement, which was $9,473.91 plus interest. (Plaintiff's exhibits 6, 7, 8, and 9.)

On March 12, 2002, the defendants allegedly issued a $75 money order made payable to Promistar Bank, a division of plaintiff Bank, that was posted to the defendants' account. (Plaintiff's exhibit 10.) During oral argument, plaintiff's counsel stated that there were approximately three such payments allegedly made by the defendants. (N.T. 13-14.) Defendants state that there is a dispute over the payment, but aver that the payment has no bearing on the date the deficiency claim arose.[1]

---

1. "[T]his payment does not change the situation if it is determined that the claim falls under section 5525(7). If that were the case, the

On December 3, 2004, the plaintiff filed the within action, to which the defendants filed an answer and new matter on January 13, 2005. On November 16, 2005, we held a hearing on the motion for summary judgment at which time counsel presented arguments. We now must determine the outcome of the motion for summary judgment.

The Pennsylvania Rules of Civil Procedure governing summary judgment instruct that we shall enter judgment when there is no genuine issue of material fact that is a necessary element to the cause of action or defense. Pa.R.C.P. §1035.2(1); *Fine v. Checcio,* 582 Pa. 253, 870 A.2d 850 (2005).[2] "A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law" by accepting as true all well-pleaded facts, admissions, and supporting affidavits, providing the non-moving party all reasonable inferences to be drawn therefrom. *Id.,* 870 A.2d at

claim would not arise until the final payment on the instrument in 2002, but section 5529 would apply extending the applicable limitation period to 20 years. Accordingly, this factual dispute does not involve a material fact and thus does not affect the court's ability to rule upon the motion for summary judgment." Defendants' brief, page 7.

2. Pa.R.C.P. §1035.2: After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

857; *Pittsburgh Hotels Association Inc. v. Urban Redevelopment Authority of Pittsburgh,* 202 F. Supp. 486 (W.D. Pa.), *aff'd,* 309 F.2d 186 (3d Cir. 1962), *cert. denied,* 372 U.S. 916 (1963). If there is any doubt as to the existence of a material fact, this motion must be resolved against the moving party. *Id.,* citing *Jones v. SEPTA,* 565 Pa. 211, 772 A.2d 435 at 438 (2001). We may only grant the motion where the right to such a judgment is "clear and free from doubt." *Fine, supra,* 870 A.2d at 857. Finally, in examining the record, we are not to attempt to resolve conflicting contentions of fact or inferences that may be drawn from the facts. *Burnside v. Abbott Laboratories,* 351 Pa. Super. 264, 505 A.2d 973 (1985).

We now turn to the issues raised by the parties in their cross-motions for summary judgment. The first issue before us is which statute of limitations applies to a deficiency action based upon the purchase, repossession and subsequent sale of an automobile where the installment contract was under "seal."[3] At the outset, we note that this issue has yet to be addressed by our Supreme and Superior Courts. As such, we have been compelled to review sister states and sister courts, noting that there are varying interpretations and outcomes in such suits but that all seek "uniformity" in commercial code application and interpretation.[4]

---

3. The defendants do not dispute the contract attached to the pleadings as plaintiff's exhibit 1. For purposes of resolving the motion before us, we must assume that the contract was signed and under seal as this is not disputed.

4. *Associates Discount Corp. v. Palmer,* 219 A.2d 858 (N.J. 1966) (installment agreement involved transaction in goods and was barred by four-year statute of limitations); *Nat'l Bank v. Freeland,* 468 N.E.2d 941 (Ohio 1984) (holding that because the bank was not the seller of

The plaintiff asserts that because the installment contract was under seal, the 20-year statute of limitations pursuant to 42 Pa.C.S. §5529(b) is applicable. The defendants counter that the applicable statute of limitations is four years as the agreement was a contract for the sale of goods pursuant to 42 Pa.C.S. §5525, thereby barring the plaintiff from recovery.

As the plaintiff points out, our Superior Court has addressed the issue of preprinted forms under "seal" in *Beneficial Consumer Discount v. Dailey,* 434 Pa. 636, 644 A.2d 789 (1994). In *Dailey,* the defendant defaulted on a consumer loan wherein he signed a preprinted loan agreement form with the word "SEAL" printed to the right of the signature line. *Id.* After the defendants defaulted on their payments, the plaintiff pursued a deficiency action. *Id.* The plaintiff here argues that the matter before us is analogous to *Dailey.* Particularly, the plaintiff relies on our Superior Court holding that "when a party signs a contract which contains a pre-printed word 'SEAL,' that party has presumptively signed a contract under seal." *Id.* at 638, 644 A.2d at 789, citing *Klein v. Reid,* 282 Pa. Super. 332, 422 A.2d 1143 (1980). Addi-

the automobile, the default related to the promissory aspect of the note and was therefore not in the purview of article 2); *Massey-Ferguson Credit Corp. v. Casaulong,* 62 Cal. App. 3d 1024 (Ca. 1976) (UCC law governed in security agreement and resale of farm equipment); *Worrell v. Farmers Bank of Delaware,* 430 A.2d 469 (Del.Sup. 1981) (holding sale was dominant in transaction for automobile and UCC therefore governed); *Chaney v. Fields Chevrolet,* 503 P.2d 1239 (Or. 1972) (holding that where deficiency existed between creditor and debtor on automobile installment contract, action more closely related to sales than to security); *Carolina Nat'l Bank v. Holhouser,* 247 S.E.2d 645 (N.C. 1978) (holding that action for deficiency was not barred by four-year statute of limitations under North Carolina Code).

tionally, the plaintiff contends that the presumption is reasonable because it gives "effect to the objective manifestations of the parties, and our legislature's acknowledgement that the contract under seal is a valid type of risk-shifting agreement." *Dailey, supra,* at 638, 644 A.2d at 790.

Although we recognize and agree that we should be hesitant in addressing such a well-settled area of our common law as is the law relating to sealed instruments,[5] we must distinguish *Dailey* from the matter before us. *Dailey* did not involve the sale of goods, so there were no article 2 concerns presented to our Superior Court. Here, we are dealing with a transaction involving a vehicle—a "good" as defined by Pennsylvania's Commercial Code. 13 Pa.C.S. §2101. Our Superior Court has held that the Pennsylvania Commercial Code abrogates the common-law rule pertaining to seals where a contract made by the agent of an undisclosed principal for the purchase of a vehicle is made under seal. *Commonwealth Bank and Trust Co. v. Keech,* 201 Pa. Super. 285, 290, 192 A.2d 133, 135 (1963). Accordingly, we find that the Pennsyl-

---

5. "We recognize, as did our Supreme Court more than [117] years ago, that '(t)he world has outgrown the necessities of an age when men made their seals because they could not write; what then from necessity attested the very act of execution and the genuineness of it, is now but a mere arbitrary form . . . .' *Hacker's Appeal,* 121 Pa. 192, 203, 15 A. 500, 501 (1888). We believe, however, that courts should be reluctant to overrule well settled principles where to do so would result in an action being barred by the statute of limitations. Moreover, if such a change is to be made, we believe that the decision is more appropriately left to our Supreme Court. Consequently, finding that the note in this case is under seal, we hold that the lower court erred in concluding that the statute of limitations bars this action." *Klein v. Reid,* 282 Pa. Super. 332, 336, 422 A.2d 1143, 1145 (1980).

vania Commercial Code also controls in an installment agreement contract where the assignment is disclosed. The Commercial Code provides:

"The affixing of a seal to a writing evidencing a contract for sale or an offer to buy or sell goods does not constitute the writing [of] a sealed instrument and the law with respect to sealed instruments does not apply to such a contract or offer." 13 Pa.C.S. §2203.

The difficulty arises in the matter before us with the compounding of a contract for the sale of goods and the purchase money security agreement aspect of the contract. Because neither party has addressed whether the instrument constitutes a secured transaction within the purview of article 9, we will refrain from analyzing the secured transaction aspects of the installment contract. We do note that our MVSFA would control even if article 9 had been raised. 69 Pa.P.S. §601 et seq.

Unfortunately, the MVSFA is silent as to a statute of limitations to apply in such a deficiency action. *Id.* Defendants raise our Judicial Code time limitations for actions on contracts as set forth in 42 Pa.C.S. §5525, which states:

"The following actions and proceedings must be commenced within four years:

"(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

"(2) Any action subject to 13 Pa.C.S. §2725 (relating to statute of limitations in contracts for sale).

"(3) An action upon an express contract not founded upon an instrument in writing.

"(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

"(5) An action upon a judgment or decree of any court of the United States or of any state.

"(6) An action upon any official bond of a public official, officer or employee.

"(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

"(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter."13 Pa.C.S. §2725 and 42 Pa.C.S. §5525.

We find that although the Judicial Code sets forth four years as the statute of limitations for contracts, irregardless of whether they are under seal or not, and because the transaction involves the sale of goods, that we must also be in conformity with Pennsylvania's Commercial Code provisions. *Id.* When we turn to our Judicial Code's time limitations provisions, we find that the Uniform Commercial Code prevails: 42 Pa.C.S. §5501(b) "Uniform Commercial Code: The provisions of title 13 (relating to commercial code), to the extent that they are inconsistent with this chapter, shall control over the provisions of this chapter." As such, we turn to article 2 governing sales: "An action for breach of any contract for

sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it." 13 Pa.C.S. §2725.

Defendants, in support of their argument for a four-year statute of limitations, urge us to review a New Jersey case holding that "a [deficiency] is nothing but a simple in personam action for that part of the sales price which remains unpaid after the seller has exhausted his rights under article 9 by selling the collateral; it is an action to enforce the obligation of the buyer to pay the full sale price to the seller, an obligation which is an essential element of all sales and which exists whether or not the sale is accompanied by a security arrangement." *Associates Discount Corp. v. Palmer*, 219 A.2d 858 at 861 (N.J. 1966). Relying on Pennsylvania law, the *Palmer* court additionally found that "a deficiency action must be considered more closely related to the sales aspect of a combination sales-security agreement rather than to its security aspect and be controlled by the four-year limitation." *Id.* Numerous Pennsylvania common pleas courts have relied upon *Palmer's* holding that a four-year statute of limitations applies to a creditor's deficiency action based upon repossession and resale of vehicles purchased with a security agreement. *Action Management Inc. v. Fratello*, 46 D.&C.4th 139 (Dauph. Cty. 2000); *Industrial Valley Bank v. Sharpe*, 15 D.&C.3d 506 (Phila. Cty. 1980); and *Action Management Inc. v. Birch*, 20 Lycoming Rep. 377 (1998); *Action Management Inc. v. Murphy*, no. 317 of 1999 (C.P., Juniata Nov. 23, 1999) (applying the four-year statute of limitations set forth in Judicial Code section 5525(1) to an action upon a sealed instrument). We agree.

Having found that the matter before us is subject to the four-year statute of limitations governing contracts for the sale of goods, we now must determine whether the matter should be dismissed as time barred as the default occurred in August 2000 and the deficiency balance letter was directed to the defendants on November 8, 2000, which would bar the action brought on December 3, 2004, as one month past the statute of limitations. However, allegedly there was at least one payment made on the account in March of 2002, which could toll the statute of limitations.[6]

Our analysis begins with the principles in this area of the law that are settled. Our Judicial Code provides that limitations periods are to be computed from the time the cause of action accrued. 42 Pa.C.S. §5502(a). In Pennsylvania, a cause of action accrues "when the plaintiff could have first maintained the action to a successful conclusion." *Kapil v. Association of Pennsylvania State College and University Faculties,* 504 Pa. 92, 99, 470 A.2d 482, 485 (1983). Essentially, the statute of limitations will begin as soon as the right to institute suit arises. *Pocono International Raceway Inc. v. Pocono Produce Inc.,* 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). In its essence, once a statute of limitations has accrued and the statutory period has run, the injured party will be barred from bringing a cause of action on the matter. *Id.* There are, however, exceptions that act to toll the running of a statute of limitations.

6. As noted previously, counsel for the plaintiff stated that there were at least three payments made on this account in the spring of 2002. (N.T. 13-14.)

It is undisputed by the parties here that the defendants were in default under the installment sales agreement in August 2000. The defendants dispute that they made at least one payment in March of 2002.[7] According to the plaintiff, if a four-year statute of limitations applies instead of 20 years as they urge, then the statute of limitations would not begin to run until the March 2002 payment.

We have examined plaintiff's exhibit 10, which is a copy of the money order paid to a division of plaintiff Bank, dated March 12, 2002, as well as the supporting affidavit attached thereto. We find that this payment could evidence a continuing acknowledgement of the debt by the defendants. Under Pennsylvania law, a loan payment serves as an "acknowledgement" of the total outstanding debt and will cause the statute of limitations to recommence with each payment made. *U.S. v. Hemmons,* E.D. Pa. 1991, 774 F. Supp. 346, *affirmed,* 972 F.2d 1333; see *Philadelphia v. Holmes Electric Protective Co. of Philadelphia,* 335 Pa. 273, 280, 6 A.2d 884 (1939).

Pursuant to this "acknowledgement doctrine," a statute of limitations may be tolled or its bar removed by a promise to pay the debt. "A clear, distinct and unequivocal acknowledgement of a debt as an existing obligation, such as is consistent with a promise to pay, is sufficient to toll the statute." *Huntingdon Finance Corp. v. Newtown Artesian Water Co.,* 442 Pa. Super. 406, 410, 659 A.2d 1052, 1054 (1995). In *Huntingdon,* our Supe-

---

7. As previously noted, plaintiff's counsel indicated that there were at least three payments made on the defendants' account. (N.T. 13-14.)

rior Court further stated "[t]here can be no more clear and unequivocal acknowledgement of debt than actual payment. . . ." *Id.* As a result, where an acknowledgement of the debt is given, the statute of limitations for a non-breaching party's claim upon the contract is tolled up until the breaching party has breached the express or implied promise to pay, or when the relationship of the parties is severed. *Gurenlian v. Gurenlian,* 407 Pa. Super. 102, 114, 595 A.2d 145, 151 (1991).

Based on the foregoing we find that the four-year statute of limitations as set forth in 13 Pa.C.S. §2725 applies to the installment sales agreement; however, there is an issue of material fact as to whether the action is barred due to the tolling of the statute of limitations by the payment allegedly made by the defendants.

## ORDER

And now, November 30, 2005, after consideration of the cross-motions for summary judgment and arguments and briefs by counsel, it is hereby ordered that the plaintiff's motion for summary judgment is denied as there exists an issue of material fact as to whether the defendants made a payment tolling the statute of limitations.