J-S33033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1197 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2020-09139-CT

| | | |
|---|---|---|
| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1198 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07843-CT

| | | |
|---|---|---|
| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1199 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07844-CT

| | | |
|---|---|---|
| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1200 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07848-CT

| | | |
|---|---|---|
| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1201 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07862-CT

| | | |
|---|---|---|
| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1202 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07863-CT

| | | |
|---|---|---|
| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1203 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07869-CT

| | | |
|---|---|---|
| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1204 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07870-CT

- 3 -

| | | |
|---|---|---|
| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1205 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07871-CT

| | | |
|---|---|---|
| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1206 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07872-CT

| | | |
|---|---|---|
| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1207 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07873-CT

| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1208 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07875-CT

| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1209 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07876-CT

| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1210 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07877-CT

J-S33033-22

| | | |
|---|---|---|
| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1211 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07878-CT

| | | |
|---|---|---|
| CRAWFORD'S AUTO CENTER, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1212 EDA 2022 |
| INSURANCE COMPANIES | : | |

Appeal from the Order Entered March 18, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07879-CT

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JUNE 20, 2023**

Crawford's Auto Center, Inc. ("Crawford's") appeals from the orders granting judgment on the pleadings in favor of State Farm Mutual Automobile Insurance Company ("State Farm") in these sixteen consolidated cases.[1]

---

[1] On June 28, 2022, this Court granted Crawford's motion to consolidate these cases.

- 6 -

Additionally, Crawford's claims that the trial court erred in sustaining State Farm's preliminary objections and requiring Crawford's to file separate complaints.[2]  We affirm.

Crawford's initiated a single breach of contract action against State Farm asserting that twenty State Farm insureds had assigned their rights under their auto insurance policies to Crawford's, and State Farm owed Crawford's payment for repairs it made to the insureds' vehicles.  **See** Complaint, 12/10/20, at 2-3 (unnumbered).[3]  After State Farm filed preliminary objections to the complaint, Crawford's filed a first amended complaint.  State Farm filed preliminary objections to the first amended complaint asserting improper joinder of the twenty cases and the insufficient specificity of Crawford's pleading.  **See** State Farm's Preliminary Objections to Complaint, 7/19/21, **see also** Pa.R.Civ.P. 1028(a)(3), (5).  The trial court sustained State Farm's preliminary objections and gave Crawford's twenty days to refile its claims as separate actions.  **See** Order, 9/10/21 at 2 n.1.

---

[2] Although the order sustaining State Farm's preliminary objections is not a final order that disposed of all claims and of all parties, **see** Pa.R.A.P. 341(b), (c), Crawford's claim concerning the September 10, 2021 order is reviewable because the court has entered final orders dismissing Crawford's complaints. **See K.H. v. J.R.**, 826 A.2d 863, 870-71 (Pa. 2003).

[3] At the time of the final order from which it appeals, Crawford's was pursuing claims relating to sixteen of those insureds.  **See** Crawford's Brief at 6 n. 1.

Crawford's then filed sixteen individual complaints against State Farm, attaching to each a sample State Farm policy ("the policy") and documents relating to the costs of its repairs and the assignments of rights from the insureds. **See** Second Amended Complaints, 10/6/21.[4] State Farm filed preliminary objections asserting that the one-year suit limitation provision in the policy barred Crawford's breach of contract claims. **See** State Farm's Preliminary Objections to Amended Complaints, 11/18/21, at 2.[5] Crawford's opposed the preliminary objections, asserting that State Farm prematurely raised an affirmative defense; Crawford's also claimed that the suit limitation provision could be "subject to the defenses of waiver and estoppel" and that its enforcement would be "unconscionable." **See** Crawford's Briefs in Support of Opposition to Preliminary Objections, 12/6/21, at 4-9 (unnumbered). The

---

[4] Crawford's chose not to file reproduced records in all sixteen cases, but states that the language in all sixteen policies is the same. **See** Crawford's Brief at 7 n.2.

[5] Specifically, Crawford's relied on the following provision in the policy:

> 13. Legal action may not be brought against *us* until there has been full compliance with all provisions of this policy. In addition, legal action may only be brought against *us* regarding:
>
> * * * *
>
> c. Physical Damage Coverages if the legal action relating to these coverages is brought against *us* within one year immediately following the date of the accident or *loss*.

Exhibit A to Amended Complaints, 10/6/21, at 42-43 (emphasis in original).

court overruled State Farm's preliminary objections, holding that the suit limitation provision could only be properly pled as new matter in responsive pleadings. *See* Orders, 12/14/21, at 2 n.1 (unnumbered). State Farm then filed answers and new matter in each case raising its defense based on the one-year suit limitation provision. *See* State Farm's Answers and New Matter to Amended Complaints, 1/3/22, at 9-12.

Crawford's replied to the new matter. Crawford's admitted that the asserted losses occurred outside of the one-year suit limitation provision but claimed that the applicability of the provision stated a conclusion of law. *See* Crawford's Replies to New Matter, 1/25/22, at 2 (unnumbered). State Farm filed a motion for judgment on the pleadings in each of the cases asserting that the suit limitation provision in the policy barred the claims. *See* State Farm's Motions for Judgment on the Pleadings, 2/10/22, at 2-6. Crawford's filed a brief in opposition in which it conceded that "the date of loss occurred over one-year prior to bringing this action," but asserted both the existence of unknown and disputed facts as to the unconscionability of the suit limitation provision and waiver and estoppel affirmative defenses to the enforcement of that provision. Crawford's Briefs in Opposition to State Farm's Motions for Judgment on the Pleadings, 3/1/22 at 6 (unnumbered). On March 18, 2022, the trial court entered the orders granting State Farm's motions for judgment on the pleadings. Crawford's timely appealed, and it and the trial court complied with Pa.R.A.P. 1925.

On appeal, Crawford's presents the following issues for our review:

1. Did the trial court commit error of law and/or abuse of discretion in issuing the . . . Order, granting . . . [State Farm's] Motion for Judgment on the Pleadings related to . . . [Crawford's,] finding that the Suit Limitation Provisions contained in the subject policies are valid and conscionable without allowing [Crawford's] the benefit of discovery?

2. Did the trial court commit error of law and/or abuse of discretion in issuing the . . . Order . . . granting [State Farm's] Motion for Judgment on the Pleadings related to [Crawford's] arguments related to Waiver and Estoppel of the Suit Limitation Provisions?

3. Did the trial court commit error of law and/or abuse of discretion in granting [State Farm's] Preliminary Objections and issuing the September 10, 2021 Order, requiring [Crawford's] to refile its original claims into separate actions?

Crawford's Brief at 5.

In its brief, Crawford's combines its discussion of its first and second questions presented. Crawford's argues in its first and second questions presented that the court erred by granting judgment on the pleadings because although the insureds' policy with State Farm had a one-year suit limitation provision, the court denied Crawford's the opportunity to take discovery to explore four potential affirmative defenses to the enforcement of that provision. Crawford's combined issues assert that the trial court erred in granting judgment on the pleadings because questions of facts existed about the affirmative defenses of the unconscionability and ambiguity of the provision, and further asserts that State Farm's conduct may have implicated the affirmative defenses of waiver and equitable estoppel. For purposes of

clarity, we separately address each of the four affirmative defenses Crawford's combined first two issues assert as a basis to reverse the trial court's grant of judgment on the pleadings.

Pennsylvania Rule of Civil Procedure 1034 governs motions for judgments on the pleadings which are in the nature of a demurrer; any party may move for judgment on the pleadings within such time as not to unreasonably delay the trial. *See* Pa.R.Civ.P. 1034(a); ***Consolidated Coal v. White***, 875 A.2d 318, 325 (Pa. Super. 2005). This Court has recently stated that judgments on the pleadings:

> may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. This Court's scope and standard of review of an appeal from the grant of judgment on the pleadings is plenary, and we must determine whether the action of the court below was based on clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. Our review, therefore, is limited to determining whether the trial court abused its discretion or committed an error of law.

***Monroe v. CBH20, LP***, 286 A.3d 785, 796 (Pa. Super. 2022) (*en banc*) (internal citations, quotations, and indentation omitted). This Court reviews the non-moving party's well-pled allegations as true. Only those facts specifically admitted by the non-moving party may be considered against it. ***See Sejpal v. Corson, Mitchell, Tomhave & McKinley, M.D.'s, Inc.***, 665 A.2d 1198, 1199 (Pa. Super. 1995) (internal citation omitted). The Court will affirm the grant of a motion for judgments on the pleadings "when the moving party's right to succeed is certain and the case is so free from doubt that trial

would clearly be a fruitless exercise." ***Jones v. Erie Insurance Exchange***, 282 A.3d 1139, 1143 (Pa. Super. 2022) (internal citation omitted).

Regarding its first two affirmative defenses, Crawford's asserts the trial court abused its discretion by granting judgment on the pleadings because a court could find the one-year suit limitation provision in the policy unconscionable, and because Crawford's was "not privy to all communications between [State Farm] and its insured," and thus could only conditionally assert possible unconscionability. ***See*** Crawford's Brief at 14-16.

The court found that the policy included a one-year suit limitation provision whose interpretation raised a question of law and Crawford's failed to support its unconscionability claim with any legal authority. The court also stated that clear and unambiguous contractual terms must be given effect. ***See*** Trial Court Opinion, 5/12/22, at 5-6.

We discern neither a clear error of law nor the existence of facts that must be decided by a jury. Crawford's does not provide any authority for the proposition that a one-year suit limitation provision is unconscionable. The case law is to the contrary and generally holds that such provisions are valid and sustainable. ***See Prime Medica Associates v. Valley Forge Ins. Co.***, 970 A.2d 1149, 1158 (Pa. Super. 2009); ***see also Fennell v. National Mutual Ins. Co***., 603 A.2d 1064, 1068 (Pa. Super. 1992) (acknowledging an "unbroken line of authorities" upholding the validity and enforceability of such provisions). Given that clear line of cases, we cannot find error based on

Crawford's speculation that there might have been conversations between State Farm and the insureds that would have rendered the policy unconscionable.

Crawford's second, third, and fourth affirmative defenses assert, respectively, the ambiguity of the suit limitation provision, State Farm's waiver of the application of that provision, and equitable estoppel relating to that provision. Before reaching a review of those issues, we must determine whether Crawford's preserved them for our review. Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a). Additionally, claims not raised in a statement of errors complained of on appeal, Pa.R.A.P. 1925(b), or a statement of questions presented, *see* Pa.R.A.P. 2116, are waived.

Crawford's did not assert the alleged ambiguities in the suit limitation provision in its pleadings or responses to State Farm at the trial court level, its Rule 1925(b) statement, or its statement of questions presented. Thus, Crawford's waived that claim, first raised on appeal. *See* Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii) (stating that "issues not included in the [1925(b)] Statement . . . are waived"); Pa.R.A.P. 2116 (providing that "[n]o question

will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").[6]

Crawford's next asserts the existence of issues of fact concerning its assertions of waiver and estoppel; as to both affirmative defenses it acknowledges its failure to provide "concrete factual allegations" to support the claims but says that it could not do so because it was not privy to the discussions between State Farm and its insureds relating to the underlying claims. *See* Crawford's Brief at 22-23. These claims too are unreviewable.

_____

[6] Even were the claim reviewable, it would lack merit. The interpretation of an insurance contract is a question of law. *See Pennsylvania Manufacturers Indemnity Company v. Pottstown Industrial Complex LP*, 215 A.3d 1010, 1014 (Pa. Super. 2019); *see also Windows v. Erie Insurance Exchange*, 161 A.3d 953, 957 (Pa. Super. 2017) (stating that the trial court determines as a question of law whether written contract terms are clear or ambiguous). A contract is ambiguous "if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. The 'reasonably' qualifier is important: there is no ambiguity if one of the two proffered meanings is unreasonable." *See id*. (citation omitted). When a policy's terms are clear and unambiguous, the court must give effect to the policy's language. *See Pennsylvania Manufacturers Indemnity Company*, 215 A.3d at 1015.

It is not a reasonable reading of the phrase "Legal action may not be brought against us until there has been full compliance with all provisions of this policy" that the word "us" could refer to either the insured or State Farm as Crawford's claims. *See* Crawford's Brief at 17-18. Similarly, it is not reasonable that the reference to "full compliance" could refer to *State Farm's* compliance. *See id*. at 18-19. The policy language clearly contemplates that actions are to be brought by *the insureds* against State Farm after *the insureds* have fully complied with all the provisions of the policy. The policy provision is thus not ambiguous.

A party must preserve an affirmative defense of waiver in response to new matter. *See* Pa.R.Civ.P. 1030(a), 1032(a); *see also Wiley v. Brooks*, 263 A.3d 671, 675 (Pa. Super. 2021) (stating that affirmative defense must be raised in response to new mater so that the issues in the dispute may be sharpened at an early stage). The court found that State Farm raised the suit limitation provision as new matter, and Crawford's did not assert waiver in reply. *See* Trial Court Opinion, 5/2/22, at 5. *See* Trial Court Opinion, 5/12/22, at 4-5. Crawford's thus failed to plead waiver in response to State Farm's new matter, and thus waived that affirmative defense. *See* Pa.R.Civ.P. 1032(a).[7]

As a fourth affirmative defense, Crawford's asserts equitable estoppel. As with the affirmative defense of waiver, a party must assert a claim of

_____

[7] Even if reviewable, this claim would have no merit. Crawford's cannot excuse its duty to provide factual support for its waiver assertion by claiming that it was not privy to possible conversations between State Farm and the insureds. "It is the duty of a party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." *See Kelly v. Carman Corporation*, 229 A.3d 634, 647 (Pa. Super. 2020) (citation omitted). Further, an assignee has no greater rights than the assignor, *see Crawford Cent. Sch. Dist. v. Commonwealth*, 888 A.2d 616, 619-20 (Pa. 2005), but stands in the shoes of the assignor, *see Citimortgage, Inc. v. Barbezat*, 131 A.3d 65, 69 (Pa. Super. 2016). Crawford's, therefore, had a duty to inform itself of the insured's conversations, if any, with State Farm. It cannot convert its failure to perform its duty into a basis to overturn the grant of judgment on the pleadings. The court found that Crawford's failed to state a factual basis to support a waiver defense, and that its assertions that State Farm's conduct or communications "may have" induced actions or inaction by the insureds did not satisfy its pleading burden.

estoppel in response to new matter. *See* Pa.R.Civ.P. 1032(a). ***See also***

***Devine v. Hutt***, 863 A.2d 1160, 1169 (Pa. Super 2014) (stating that defenses

to statutes of limitation such as estoppel are waivable and must be raised in

reply to new matter that asserts the statute as an affirmative defense).

Crawford's failed to assert estoppel in response to the suit limitation provision

and therefore waived its claim. ***See*** Pa.R.A.P. 1032(a). Moreover, Crawford's

failed to exercise its duty of due diligence as an assignee to discover any

alleged conversations between State Farm and its insureds and cannot defeat

judgment on the pleadings by asserting that such conversations may have

occurred. Therefore, Crawford's waived review of that claim as well. ***See***

Pa.R.Civ.P. 1032(a), ***Devine***, 863 A.2d at 1169.

In addition to its four affirmative defenses, Crawford's additionally

claims that the court erred by dismissing its complaint without leave to amend.

***See id***. at 24. We note that the decision to grant or deny permission to amend

is within the trial court's discretion. ***See Debbs v. Chrysler Corp.***, 810 A.2d

137, 148 (Pa. Super. 2002). Where it is clear that leave to amend would be

futile, dismissal is proper. ***See In re Estate of Luongo***, 823 A.2d 942, 969

(Pa. Super. 2003). Additionally, although amendment of a complaint is to be

liberally allowed, a party must request the right to amend. ***See d'Happart***

***v. First Commonwealth Bank***, 282 A.3d 704, 737-38 (Pa. Super. 2022)

(citing ***Werner v. Zazyczyny***, 681 A.2d 1331, 1338 (Pa. 1996), for the

propositions that a plaintiff waives a request to amend by failing to raise it in

the trial court, and that the trial court is not required, *sua sponte*, to order or require a party to amend its pleading). Here, Crawford's did not request leave to amend its complaint. **See d'Happart**, 282 A.3d at 738.[8]

Crawford's advances one final assertion regarding affirmative defenses in its discussion of its first two questions presented. It argues that unknown or disputed facts existed because the record does not contain the specific policies State Farm had with the insureds. **See** Crawford's Brief at 26-28. Crawford's did not raise this claim in its Rule 1925(b) statement or its statement of questions presented and thus waived it. **See** Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 2116.

Even if reviewable, the claim lacks merit. As the court stated, the pleadings in the case included as to each claim the policy with the one-year suit limitation provision, the date of loss, and the date Crawford's commenced the actions. **See** Trial Court Opinion, 5/12/22, at 4. Crawford's itself states that the language contained in all sixteen policies is the same, and that it limited the reproduced record to the lead docket. **See** Crawford's Brief at 7 n.2. Crawford's cannot argue on appeal that the sixteen policies may have

---

[8] Even were the claim not waived, it would not merit relief. That Crawford's can only offer speculation when it has already filed multiple amended complaints and had the opportunity to speak with the insureds sufficiently demonstrates that amendment would be futile. The trial court did not abuse its discretion by not *sua sponte* ordering Crawford's to amend its complaint. **See d'Happart**, 282 A.3d at 738.

contained differing language. Crawford's chose to attach the sample policy to its amended complaints and did not assert harm from the absence of the individual policies. Crawford's thus cannot on appeal oppose judgment on the pleadings on the basis that the individual insurance policies are not of record.[9]

Crawford's third question presented asserts the court's error in sustaining State Farm's September 2021 preliminary objections to its single complaint pursuant to Pa.R.Civ.P. 1028(a)(5) and ordering Crawford's to refile its claims as sixteen separate actions, impairing judicial economy. **See** Crawford's Brief at 34. Given our disposition of Crawford's affirmative defenses to the grant of judgment on the pleadings, even if the court's ruling had been incorrect,[10] Crawford's has not demonstrated that the ruling had any effect on the outcome; thus any error was harmless. **See Vine v. Com., State Employees' Retirement Bd.**, 9 A.3d 1150, 1164 (Pa. 2010) (stating that an appellate court will not disturb a judgment, order, or decree for harmless error).

Order affirmed.

---

[9] The court rejected this claim citing its September 2021 order and accompanying footnote. **See** Trial Court Opinion, 5/12/21, at 3.

[10] The trial court found that the inclusion of the then-twenty unrelated actions in a single count in a single action was improper, because, *inter alia*, proof that would establish the merits of any one claim would be distinct from the evidence to establish the merits of any other claim. **See** Order, 9/10/21 at 2-3 n.1.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2023